DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, United Healthcare, Inc., appeals the judgment of the Summit County Court of Common Pleas that denied its motion to vacate the default judgment entered in favor of Plaintiffs-Appellees, Martha and Charles Ross. We reverse.
 {¶ 2} Martha Ross sustained serious injuries when her car was struck from behind by another vehicle then knocked into the vehicle in front of her by the *Page 2 
force of the impact. At the time of the accident, her husband Charles was covered by employer-provided medical insurance through United Healthcare, which covered a portion of the cost of Mrs. Ross's health care.
 {¶ 3} On October 12, 2005, Mr. Mrs. Ross filed an action in the Summit County Court of Common Pleas against Kenneth Shively, the driver of the vehicle that struck Mrs. Ross. The complaint also named Progressive Insurance Company, State Farm Insurance, and United Healthcare as defendants. The complaint was styled "Negligence — Personal Injury" and alleged that Mrs. Ross suffered physical injury that required ongoing treatment, pain and suffering, and emotional distress. The complaint also alleged lost earnings in the amount of $7,379.28.
 {¶ 4} Mr. Mrs. Ross demanded judgment "against the Defendants, jointly and severally, in excess of Twenty-Five Thousand Dollars ($25,000), together with costs and expenses incurred therein." United Healthcare failed to answer or otherwise respond to the complaint, and on December 29, 2007, the trial court entered a default judgment in favor of Mr. Mrs. Ross. The order granting default judgment provided:
 "Plaintiffs' Motion for Default is well taken. As the prescribed time limit within which Defendant United Health Services may answer the aforementioned suit has elapsed, it is hereby the Order of this Court that Judgment be entered in favor of the Plaintiffs. Defendant United Healthcare Services has no right of subrogation nor right of reimbursement under the contract of insurance with the Plaintiffs, having forfeited such rights by their default in this matter." *Page 3 
On February 16, 2006, United Healthcare moved the court for relief from judgment pursuant to the "catch-all" provision of Civ.R. 60(B)(5), arguing that default judgment should not have been entered in favor of Mr. Mrs. Ross because the complaint failed to state a claim upon which relief could be granted and that the judgment entry of default granted relief beyond the scope of the demand. The trial court denied United Healthcare's motion on April 23, 2007, and this appeal followed.
 ASSIGNMENT OF ERROR "The trial court erred in not granting United Healthcare's Motion for Relief from Judgment."
 {¶ 5} In its sole assignment of error, United Healthcare maintains that the trial court abused its discretion by denying its motion for relief from judgment. We agree.
 {¶ 6} Civ.R. 60(B provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not *Page 4 
more than one year after the judgment, order or proceeding was entered or taken."
The "catch-all" language of Civ.R. 60(B)(5) reflects "the inherent power of a court to relieve a person from the unjust operation of a judgment."State ex rel. Gyurcsik v. Angelotta (1977), 50 Ohio St. 2d 345, 346. It is not a substitute for the enumerated grounds for relief from judgment, and substantial grounds must be present to vacate a judgment under Civ.R. 60(B)(5). Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraphs one and two of the syllabus.
 {¶ 7} A party challenging a judgment under Civ.R. 60(B) must demonstrate that (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If a party fails to prove any of these three elements, then the trial court must deny the motion. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149, 151. A trial court's determination of a motion for relief from judgment pursuant to Civ.R. 60(B) is reviewed for an abuse of discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172,174. Accordingly, a party must demonstrate not merely an error of law or judgment, but that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} The parties do not dispute that United Healthcare's motion for relief from judgment was made within a reasonable time. At issue, therefore, is whether *Page 5 
United Healthcare had a meritorious defense to Mr. Mrs. Ross's claims and whether relief is justified by Civ.R. 60(B)(5). Under the facts of this case, these elements are necessarily interconnected.
 {¶ 9} A motion for relief from judgment under Civ.R. 60(B) is an appropriate means to challenge entry of default judgment. Civ.R. 55(B). Pursuant to Civ.R. 55(A), a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[.]" When a defendant does not answer the allegations set forth by a complaint, default judgment is proper because the defendant has failed to contest liability:
 "A default by a defendant consequently arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiffs claims. Any other use of a `default' judgment is conceptually infeasible as the defendant is not in default." Reese v. Proppe (1981), 3 Ohio App.3d 103, 105.
 {¶ 10} Because default judgment is only appropriate with respect to parties from whom the plaintiff seeks affirmative relief, default judgment is improper when the complaint fails to state a claim against the defendant. See Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 135.
 {¶ 11} This court has concluded that when a complaint identifies a party as a defendant and alleges facts regarding that defendant — but fails to allege liability — the complaint does not state a claim against the defendant and default judgment *Page 6 
is improper. See Advance Sign Co. v. Mak Motel, Inc. (Oct. 16, 1991), 9th Dist. No. 91CA005041, at *2. Applying similar reasoning, the Eleventh District Court of Appeals has concluded that default judgment could not be entered in a foreclosure action against a party who, although named as a defendant and the spouse of the judgment debtor, was not herself alleged to be a judgment debtor. Johnson v. Cromaz (Dec. 23, 1999), Eleventh Dist. No. 98-G-2151, at *5. In that case, the court concluded:
 "Furthermore, by failing to answer, [appellant] only conceded that appellees were the judgment creditors of [her husband]. Nothing in appellees' complaint indicated that [appellant] owed appellees *** any amount. * * * Thus, [appellant] has [not] admitted, by failing to answer the complaint, to being a judgment debtor. *** Before rendering default judgment, the court is required to determine whether the complaint states a cause of action. Because appellees did not allege in the complaint that [appellant] was a judgment debtor, they did not state a cause of action against her." (Internal citations omitted.) Id. at *5.
 {¶ 12} We reach a similar result on the facts of this case. The complaint alleged that medical payments were due from Defendant Progressive Insurance Company and, in the event that Mr. Mrs. Ross were not compensated by Progressive, from State Farm Insurance. Mr. Mrs. Ross alleged that Defendant Shively operated his vehicle in a negligent manner that resulted in injuries to Mrs. Ross. With respect to United Healthcare, however, the complaint contained a single reference:
 "At all times relevant hereto, Plaintiff CHARLES L. ROSS, husband of Plaintiff, MARTHA A. ROSS, had medical and hospitalization coverage with the Defendant, UNITED *Page 7 
HEALTHCARE SERVICES, through his employer, that made certain payments for the Plaintiff, MARTHA A. ROSS, as and for medical and hospitalization services, claiming that they have expended the sum of $17,539.96 for said services to date."
 {¶ 13} Although the prayer for damages stated that Mr. Mrs. Ross demanded judgment against "all defendants," the complaint did not allege any liability on the behalf of United Healthcare and did not seek a declaratory judgment regarding the extent of subrogation rights held by virtue of a contract of insurance. By failing to answer the complaint, therefore, United Healthcare conceded only that it provided health insurance coverage to Mrs. Ross through her husband's employer and that it claimed to have expended $17,539.96 for her care and treatment.
 {¶ 14} On the narrow circumstances presented in this case, we conclude that the trial court abused its discretion by denying relief from judgment. Mr. Mrs. Ross did not seek affirmative relief with respect to United Healthcare and, therefore, default judgment was inappropriate. The improper entry of default judgment constituted substantial grounds for relief from judgment pursuant to Civ.R. 60(B)(5) because the default judgment subjected United Healthcare to liability on claims that were not asserted.
 {¶ 15} United Healthcare's assignment of error is sustained. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed *Page 8 
and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
 WHITMORE, J., MOORE, J., CONCUR. *Page 1