DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 THE BEAUTY OF COMPOUNDING {¶ 1} This is the third in a series of lawsuits brought by Robert Culver against Resash Inc. under Ohio's Consumer Sales Practices Act. In the first, Mr. Culver claimed that Resash had violated the Act by failing to fulfill a contract to replace windows in his home. He recovered a judgment against Resash for $11,061.90. In the second, he claimed that Resash violated the Act by continuing in business without satisfying the judgment from the first lawsuit. Resash failed to answer Mr. Culver's complaint, and the court awarded him damages of three times the amount of damages and interest from the first lawsuit, for a total of *Page 2 
$35,849.64. It also awarded him attorney fees. In this lawsuit, Mr. Culver and Kathryn A. Belfance, his trustee in Bankruptcy, have claimed that Resash violated the Act by continuing in business without satisfying Mr. Culver's judgments from the first and second lawsuits. Mr. Culver and Ms. Belfance named Richard Ference and Thomas Moore, Resash's officers and shareholders, as additional defendants, claiming that they had also violated the Consumer Sales Practices Act by "virtue of their continued engagement in consumer transactions without paying the two prior judgments arising out of a consumer transaction." None of the defendants timely answered, and the trial court determined they were in default. It awarded Mr. Culver and Ms. Belfance damages against Resash of three times the amount of the damages, attorney fees, and interest from the second lawsuit, for a total of $175,016.89. It did not, however, award Mr. Culver and Ms. Belfance damages against Messrs. Ference and Moore, determining, in effect, that Mr. Culver and Ms. Belfance had failed to state a claim against them upon which relief could be granted.
 {¶ 2} Mr. Culver and Ms. Belfance have argued to this Court that the trial court should have awarded them damages against Messrs. Ference and Moore. Messrs. Ference and Moore have cross appealed and argued that the trial court should have granted them relief from the default judgment it entered against them. This Court affirms the trial court's determination that Mr. Culver and Ms. Belfance are not entitled to damages against Messrs. Ference and Moore, but for a *Page 3 
different reason than the one relied upon by the trial court. While the trial court determined that Mr. Culver and Ms. Belfance were not entitled to damages from Messrs. Ference and Moore because Mr. Culver had not dealt directly with them, this Court has determined that Mr. Culver and Ms. Belfance failed to state a claim against Messrs. Ference and Moore because Mr. Culver's prior judgments were against only Resash and not against Messrs. Ference and Moore. In view of this Court's determination that Mr. Culver and Ms. Belfance failed to state a claim upon which relief can be granted against Messrs. Ference and Moore, Messrs. Ference and Moore's assignment of error is moot and is overruled on that basis.
 BACKGROUND {¶ 3} By their complaint in this case, Mr. Culver and Ms. Belfance alleged six causes of action against Resash, Mr. Ference, and Mr. Moore. On appeal, however, they have only addressed their first cause of action, their claim that Resash, Mr. Ference, and Mr. Moore violated the Ohio Consumer Sales Practices Act "by virtue of their continued engagement in consumer transactions without paying the two prior judgments arising out of a consumer transaction." They have, therefore, abandoned those other causes of action. Resash has not appealed from the judgment against it.
 DEFAULT JUDGMENT *Page 4 {¶ 4} Messrs. Ference and Moore failed to timely answer the complaint against them, and the trial court determined they were in default. Accordingly, it set a hearing on damages. Messrs. Ference and Moore moved for relief from their default, but the trial court denied that motion. Following the damages hearing, the court filed a Judgment Entry in which, among other things, it wrote that, "[b]y virtue of their default, [Messrs. Ference and Moore] conceded that there has been a [Consumer Sales Practices Act] violation." Despite that, based on this Court's opinions in Stultz v. Artistic Pools, Inc., 9th Dist. No. 20189, 2001-Ohio-1420, and Inserra v. J.E.M. Bldg. Corp., 9th Dist. No. 2973-M,2000 WL 1729480 (Nov. 22, 2000), the trial court concluded that, "[b]ecause it has not been established that either Ference or Moore personally dealt with [Mr. Culver], the Court finds they are not personally liable herein." Even though the trial court had written that Messrs. Ference and Moore had conceded a violation of the Act, therefore, it, in effect, determined that they had not. That is, it determined that the facts alleged in the complaint did not state a claim against Messrs. Ference and Moore upon which relief can be granted under the Consumer Sales Practices Act.
 {¶ 5} While failure to answer is an admission of facts alleged in a complaint, it is not an admission of liability. "A default judgment on a complaint which fails to state a claim should not be upheld."Michael D. Tully Co. L.P.A. v. Dollney, 42 Ohio App. 3d 138, 141 (1987); see also Ross v. Shively, 9th Dist. No. 23719, 2007-Ohio-5118, at ¶ 10
("[D]efault judgment is improper when the *Page 5 
complaint fails to state a claim against the defendant.") If the facts Mr. Culver and Ms. Belfance alleged in their complaint did not state a claim against Messrs. Ference and Moore upon which relief can be granted under the Consumer Sales Practices Act, therefore, the trial court correctly denied Mr. Culver and Ms. Belfance's request for an award of damages against them.
 {¶ 6} Mr. Culver and Ms. Belfance have argued to this Court that the trial court incorrectly determined that Messrs. Ference and Moore did not violate the Consumer Sales Practices Act because they had not "personally [dealt] with" Mr. Culver. They have asked this Court to overrule its decisions in Tully and Ross to the extent those decisions require direct dealing as a prerequisite to liability under the Act. This Court, however, declines to consider in this case whetherTully and Ross should be overruled. Even if direct dealing is not a prerequisite to liability under the Consumer Sales Practices Act, the trial court's decision in this case would still have to be affirmed. "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof."In re Trust Estate of CNZ Trust, 9th Dist. No. 06CA008940,2007-Ohio-2265, at ¶ 23 (quoting Schaaf v. Schaaf, 9th Dist. No. 05CA0060-M, 2006-Ohio-2983, at ¶ 19 (quoting State ex rel. Carter v.Schotten, 70 Ohio St. 3d 89, 92 (1994))).
 CONTINUING IN BUSINESS WITHOUT PAYING A JUDGMENT *Page 6 {¶ 7} Section 1345.02 of the Ohio Revised Code provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Section 1345.03 of the Ohio Revised Code provides that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction."
 {¶ 8} In the trial court, Mr. Culver and Ms. Belfance cited a large number of orders from other trial courts in support of the proposition that continuing in business without paying a prior adverse judgment under the Consumer Sales Practices Act is a new violation of the Consumer Sales Practices Act. They did not cite any appellate decisions in support of that proposition, and this Court has not found any. Further, although the trial court orders cited by Mr. Culver and Ms. Belfance do say that it is a violation of the Act to continue in business without paying a prior judgment, none of those orders contains any analysis. In fact, they do not even specify whether such action is a violation because it is "unfair" or "deceptive," as those terms are used in Section 1345.02 of the Ohio Revised Code, or because it is "unconscionable," as that term is used in Section 1345.03 of the Ohio Revised Code. See State ex rel. Montgomery v. Williams, Montgomery C.P. No. 99-CV-2189 (Attorney General Public Inspection File No. 10001987) (Jun. 27, 2001); State ex rel. Montgomery v. Household Products of OhioInc., Hamilton C.P. No. A9905903 (Attorney General Public Inspection File No. 10001968) (Apr. 18, 2001); Hoard v. A.D.Z. Inc., Stark C.P. No. 1998 CV 02039 (Attorney General *Page 7 
Public Inspection File No. 10001801) (Dec. 9, 1999); Beckman v.Squire, Lorain C.P. No. 96CV117632, 1999 WL 123605 (Attorney General Public Inspection File No. 10001760) (Jan. 19, 1999); George J. GoudreauJr. Trust v. North Shore Investment Co. Inc., Lucas C.P. No. C197-1163 (Attorney General Public Inspection File No. 10001710) (Sept. 22, 1998);State ex rel. Montgomery v. White dba Harvest Body Shop, Franklin C.P. No. 95CVH-10-7591 (Attorney General Public Inspection File No. 10001666) (Apr. 18, 1997); State ex rel. Celebrezze v. AAA Building ServicesInc., Franklin C.P. No. 89-CV01-144 (Attorney General Public Inspection File No. 10001142) (Sept. 21, 1990); State ex rel. Celebrezze v.Wagner, Mahoning C.P. No. 86CV-2047, 1987 WL 421780 (Attorney General Public Inspection File No. 10000905) (Nov. 20, 1987); State ex rel.Celebrezze v. Hall, Lucas C.P. No. 82-2664, 1983 WL 197504 (Attorney General Public Inspection File No. 10000320) (Apr. 26, 1983). Although this Court will assume for purposes of this appeal that it is a violation of the Consumer Sales Practices Act for a "supplier" to continue in business without paying a prior adverse judgment under the Consumer Sales Practices Act, it is compelled to note that it has seen nothing that convinces it that this is in fact true.
 {¶ 9} Mr. Culver and Ms. Belfance have correctly argued that Messrs. Ference and Moore fall within the definition of "supplier" for purposes of Sections 1345.02 and 1345.03 of the Ohio Revised Code. They have also correctly argued that officers of corporations can be individually liable under the Consumer Sales *Page 8 
Practices Act. "The . . . officer's `liability flows not from his status as . . . an officer . . ., but from his personal actions in violating [the Consumer Sales Practices Act.]'" Stultz v. Artistic PoolsInc., 9th Dist. No. 20189, 2001-Ohio-1420, *4 (quoting Inserra v. J.E.M.Building Corp., 9th Dist. No. 2973-M, 2000 WL 1729480 at *5 (Nov. 22, 2000)). That is, in the absence of piercing the corporate veil, a corporate officer cannot be held liable based on the fact that the corporation violated the Act. "A corporate officer may not be held liable merely by virtue of his status as a corporate officer."Id. at *4 (quoting Grayson v. Cadillac Builders Inc., 8th Dist. No. 68551, 1995 WL 546916 at fn 1 (Sep. 14, 1995).) Rather, to be liable, he must have individually violated the Act.
 {¶ 10} In their first cause of action, Mr. Culver and Ms. Belfance alleged the existence of the prior judgments against Resash. They further alleged that they asked Resash to pay those judgments, but that it had not done so. They then alleged that "defendants" engaged in consumer transactions without paying the two prior judgments and that the "defendants" were aware of those judgments.
 {¶ 11} If it is a violation of the Consumer Sales Practices Act for a supplier to engage in business without paying a prior judgment, in order for a plaintiff to establish that violation, he or she must prove three things: (1) a prior judgment against the supplier; (2) the supplier's failure to pay that judgment; and (3) the supplier's continuing in business. Although Mr. Culver and Ms. Belfance alleged that Messrs. Ference and Moore had continued in business without paying the *Page 9 
prior judgments against Resash, they did not allege that those prior judgments were against Messrs. Ference and Moore. Mr. Culver and Ms. Belfance, therefore, failed to state a claim against Messrs. Ference and Moore upon which relief can be granted for a violation of the Consumer Sales Practices Act.
 {¶ 12} Mr. Culver and Ms. Belfance have argued to this Court that, even if Messrs. Ference and Moore did not themselves violate the Consumer Sales Practices Act, they are liable as Resash's alter egos for its violation of the Act. They did not, however, allege facts in their complaint that would entitle them to pierce Resash's corporate veil. They are not, therefore, entitled to reversal of the trial court's judgment based on this argument.
 {¶ 13} Mr. Culver and Ms. Belfance's assignment of error is overruled. The trial court's judgment is affirmed.
 THE CROSS APPEAL {¶ 14} Messrs. Ference and Moore's sole assignment of error is that the trial court incorrectly denied their "motion for relief from the default judgment." In view of this Court's ruling on Mr. Culver and Ms. Belfance's assignment of error, Messrs. Ference and Moore's assignment of error is moot and is overruled on that basis.
 CONCLUSION *Page 10 {¶ 15} Mr. Culver and Ms. Belfance's assignment of error is overruled, and Messrs. Ference and Moore's assignment of error is overruled. The trial court's judgment is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants/cross-appellees.
 MOORE, J. *Page 11 
 CONCURS IN JUDGMENT ONLY