DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Diane Neiswinter sued her employer's liability insurer, National Union Fire Insurance Company, based upon injuries she received in an automobile collision. Ms. Neiswinter was not in the course and scope of her employment at the time of the collision. National Union failed to answer and the court entered default judgment against it. The trial court vacated its default judgment, and Ms. Neiswinter appealed. While the case was pending in this Court, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216, *Page 2 2003-Ohio-5849. The parties briefed the impact of Galatis, but this Court did not address those arguments in its opinion. This Court reversed the trial court's order vacating the default judgment against National Union and remanded, having determined that there was proper service and no evidence of excusable neglect. National Union did not appeal that decision to the Ohio Supreme Court. On remand, the trial court applied Galatis as an intervening decision of the Ohio Supreme Court that operated as an exception to the law of the case doctrine. The trial court again granted National Union relief from the default judgment and entered summary judgment in its favor. The trial court erred in granting National Union relief from default judgment the second time because Galatis was decided before this Court's first decision in this case. Thus, Galatis does not constitute an intervening decision that would operate as an exception to the law of the case doctrine.
 FACTS {¶ 2} In December 1998, Diane Neiswinter was injured in an automobile collision caused by Willie Sanders. Ms. Neiswinter filed a complaint against: (1) Mr. Sanders; (2) her own automobile insurance carrier for underinsured motorist coverage, medical payments coverage, and bad faith; and (3) John Doe insurers of her employer for potential underinsured motorist coverage imposed by operation of law pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St. 3d 660 (1999), overruled in part by Westfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216, *Page 3 2003-Ohio-5849, and its progeny. She later amended her complaint to name Lumbermens Mutual Casualty Company and National Union Fire Insurance Company in place of the John Doe insurers named in the initial complaint. By her amended complaint, Ms. Neiswinter sought damages from Lumbermens and National Union on her underinsured motorist and medical payments coverage claims premised on the Scott-Pontzer holding that "you" in a corporate policy refers to employees of the named company.Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St. 3d 660, 664-665
(1999), overruled in part by Westfield Ins. Co. v. Galatis,100 Ohio St. 3d 216, 2003-Ohio-5849.
 {¶ 3} When National Union failed to appear, the trial court granted Ms. Neiswinter's motion for default judgment against it. Nearly seven months later, National Union entered the case and filed a motion under Rule 60(B) of the Ohio Rules of Civil Procedure requesting relief from the default judgment on the ground of improper service leading to excusable neglect. The trial court granted that motion, vacating the default judgment against National Union in August 2001. Lumbermens and National Union later moved for summary judgment on the coverage issue, and Ms. Neiswinter's insurer opposed the motions. The trial court granted summary judgment to both Lumbermens and National Union on the basis of late notice and impairment of subrogation rights.
 {¶ 4} Following settlement with Mr. Sanders, Ms. Neiswinter went to trial against the only remaining defendant, her own insurer. The jury awarded Ms. *Page 4 
Neiswinter a verdict of $800,000. Following resolution of the outstanding bad faith claim, she timely appealed to this Court. In Ms. Neiswinter's first appeal to this Court, she argued that the trial court had erred by: (1) vacating the default judgment that had been entered against National Union and (2) by subsequently granting the summary judgment motions of Lumbermens and National Union.
 {¶ 5} Ms. Neiswinter's theory of liability against Lumbermens and National Union was that, as providers of liability insurance to Ms. Neiswinter's employer, their coverage extended to the provision of underinsured motorist benefits for Ms. Neiswinter by operation of law.Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St. 3d 660 (1999), overruled in part by Westfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216,2003-Ohio-5849. Under then-current law, this was a viable theory of liability, despite the fact that Ms. Neiswinter was not in the course and scope of her employment at the time of the automobile collision.
 {¶ 6} After Ms. Neiswinter had filed her appellate brief, but prior to National Union's time for responding having expired, the Ohio Supreme Court decided the case of Westfield Ins. Co. v. Galatis,100 Ohio St. 3d 216, 2003-Ohio-5849. In that case, the Supreme Court held that, "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."Id. at paragraph 2 of the syllabus. In response, both sides briefed *Page 5 
the effect of Galatis during the first appeal of this case. Ms. Neiswinter moved to dismiss the part of her appeal challenging the trial court's grant of summary judgment to Lumbermens and National Union, admitting that, in light of Galatis, she had no viable claim against her employer's insurance carriers. National Union did not oppose the motion to dismiss, but urged this Court to dismiss the entire appeal on the basis of Galatis. This Court granted Ms. Neiswinter's motion, dismissed Lumbermens from the appeal, and proceeded to consider only whether the trial court had erred by vacating the default judgment it had previously entered against National Union.
 {¶ 7} This Court reversed the trial court's vacation of the default judgment against National Union. This Court then granted National Union's motion for reconsideration and issued a second opinion on the matter in July 2004. Again, this Court reversed and remanded, determining that service was perfected on National Union and there was no excusable neglect that could support the trial court's decision to vacate the default judgment. This Court did not mention any impact of the Galatis decision. National Union did not appeal this Court's decision to the Ohio Supreme Court.
 {¶ 8} On remand, Ms. Neiswinter moved the trial court to enter judgment awarding her damages. National Union again moved the court for relief from the default judgment, this time under Rule 60(B)(4) of the Ohio Rules of Civil Procedure, arguing that a prior judgment upon which the default judgment was *Page 6 
based had since been reversed. National Union also promptly renewed its motion for summary judgment. In June 2006, the trial court again granted National Union's motion for relief from the default judgment. The trial court, relying on an Ohio Supreme Court case from late 2004, held thatGalatis was an "intervening decision" of the Ohio Supreme Court that operated as an exception to the law of the case doctrine. Hopkins v.Dyer, 104 Ohio St. 3d 461, 2004-Ohio-6769, at ¶ 5. Thus, the trial court entertained new arguments from National Union on remand. The trial court applied Galatis and determined that Ms. Neiswinter's complaint failed to state a claim upon which relief could be granted. As default judgment cannot be properly entered if a complaint fails to state a claim upon which relief can be granted, the trial court granted National Union's motion for relief from judgment. Belfance v. Resash Inc, 9th Dist. Nos. 23415, 23437, 2007-Ohio-6614, at ¶ 5 (citing Michael D. Tully Co., LPAv. Dollney, 42 Ohio App. 3d 138, 141 (1987)). The trial court denied Ms. Neiswinter's motion to enter damages and permitted National Union to file another motion for summary judgment, which it then granted. Ms. Neiswinter has now appealed the trial court's second vacation of default judgment and second grant of summary judgment to National Union.
 STANDARD OF REVIEW {¶ 9} Ms. Neiswinter's first assignment of error is that the trial court erred in vacating the default judgment against National Union. The disposition of this assignment of error turns on the question of whether, in light of Galatis, this case *Page 7 
is within an exception to the law of the case doctrine. As this is a legal question, the de novo standard of review applies. Akron-CantonWaste Oil Inc. v. Safety-Kleen Oil Serv. Inc., 81 Ohio App. 3d 591, 602
(1992).
 LAW OF THE CASE DOCTRINE {¶ 10} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan, 11 Ohio St. 3d 1, 3
(1984). This rule "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts." Id. The law of the case doctrine requires lower courts to follow the mandates of reviewing courts when "confronted [on remand] with substantially the same facts and issues as were involved in the prior appeal."Id. Thus, litigants are not permitted to make new arguments to the trial court on remand that were raised or could have been raised on the first appeal. "[A]ll questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court."Charles A. Burton Inc. v. Durkee, 162 Ohio St. 433, 438 (1954) (quotingPollock v. Cohen, 32 Ohio St. 514, 519 (1877)).
 {¶ 11} Generally it is true that "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Page 8 Nolan, 11 Ohio St. 3d at 5. There is, however, an exception to this requirement. The Ohio Supreme Court has specifically held that "extraordinary circumstances, such as an intervening decision by [the Ohio Supreme Court]," may take precedence over the mandate of the reviewing court. Id. In this case, National Union has argued thatWestfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216, 2003-Ohio-5849, was an intervening decision by the Ohio Supreme Court that required the trial court to apply it rather than follow the mandate issued by this Court in the first appeal. Ms. Neiswinter has argued thatGalatis does not constitute an intervening decision because it was released while this case was on appeal to this Court the first time. Both parties brought Galatis to the attention of this Court at that time.
 {¶ 12} This Court ruled on this case eight months after the Ohio Supreme Court released the Galatis decision. Galatis was not mentioned in that opinion. As Ms. Neiswinter dismissed her appeal regarding the granting of summary judgment to her employer's insurance carriers based upon Galatis, the only issue remaining before the Court was "the propriety of the trial court's decision regarding National Union's motion to vacate the default judgment." Neiswinter v. Nationwide Mut.Fire Ins. Co., 9th Dist. No. 21691, 2004-Ohio-3943, n. 1. This Court ruled on the only argument presented by National Union regarding the trial court's decision to vacate the default judgment against it.Id. at ¶ 10. This Court held that Ms. Neiswinter had obtained proper service upon National Union and *Page 9 
there was no evidence of excusable neglect as required for relief under Rule 60(B)(1) of the Ohio Rules of Civil Procedure. Id. Accordingly, this Court ruled the trial court had erred by determining that there had been improper service and excusable neglect that warranted relief from default judgment. Id. Although National Union had argued that the default question could not be separated from the summary judgment question, it did not appeal this Court's decision against it.
 {¶ 13} As the trial court correctly noted, if Galatis applies to this case, the default judgment against National Union was incorrectly entered. The National Union insurance policies were issued to Ms. Neiswinter's employer. Ms. Neiswinter's theory of liability rested onScott-Pontzer, but her injuries occurred while she was outside the course and scope of employment. Galatis limited employees' claims against their employers' liability insurers to those situations in which the injuries occurred while the claimant was within the course and scope of employment. Westfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216,2003-Ohio-5849, paragraph two of the syllabus. Default judgment cannot be rendered on a complaint that fails to state a claim upon which relief can be granted. Michael D. Tully Co., LPA v. Dollney,42 Ohio App. 3d 138, 141 (1987) (citing Buckeye Supply Co. v. Northeast DrillingCo., 24 Ohio App. 3d 134, 135 (1985); American Bankers Ins. Co. v.Leist, 117 Ohio App. 20, 22 (1962)). In light of Galatis, Ms. Neiswinter's complaint failed to state a claim upon which relief could be granted. *Page 10 
Therefore, if the trial court acted properly in applyingGalatis to this case, it correctly vacated the default judgment.
 {¶ 14} When this case was first appealed, this Court had the opportunity to affirm the trial court's vacation of the default judgment on any valid ground, regardless of the trial court's stated reasoning.Joyce v. General Motors Corp., 49 Ohio St. 3d 93, 96 (1980). This would have included consideration of the Galatis decision. It would also have included National Union's argument that the amended complaint in this case was filed without leave of court and, therefore, could not be the basis for a default judgment. If National Union believed that this Court's first decision was incorrect, for any reason, it should have appealed that decision to the Ohio Supreme Court. When that decision was not appealed, it became the law of the case "on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan, 11 Ohio St. 3d 1, 3 (1984).
 {¶ 15} The law of the case doctrine precluded National Union from arguing on remand to the trial court, or to this Court in a subsequent appeal, anything that could have been argued during the first appeal.Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co. Inc.,81 Ohio St. 3d 214, 218 (1998) (citing Beifuss v. Westerville Bd. of Edn.,37 Ohio St. 3d 187, 191 (1988)). The trial court erred in disregarding the law of the case and entertaining new arguments from National Union on remand regarding "substantially the same facts and issues as were *Page 11 
involved in the prior appeal." Nolan, 11 Ohio St. 3d at 3. Ms. Neiswinter has correctly argued that Galatis cannot be considered an "intervening decision" because it was decided before the opinion was issued in the first appeal in this case.
 INTERVENING DECISION EXCEPTION {¶ 16} National Union has argued that the Ohio Supreme Court's decision in Hopkins v. Dyer, 104 Ohio St. 3d 461, 2004-Ohio-6769, requires application of Galatis to this case. In Hopkins, the Supreme Court reversed the court of appeals, specifically holding thatGalatis was an intervening decision that created an exception to the law of the case doctrine and required application by the appellate court in that case. Id. at ¶ 5. National Union's argument, however, does not apply to the facts of this case.
 {¶ 17} In Hopkins, there were two appeals of the trial court's coverage determination. Galatis was decided between the decisions in the first and second appeals. On the first appeal, before Galatis was released, the reviewing court held there was coverage for the plaintiff.Hopkins, 104 Ohio St. 3d 461, 2004-Ohio-6769, at ¶ 10. On remand, the trial court followed the mandate of the reviewing court, concluding as a matter of law that the plaintiff was insured under the policies at issue. The case was then appealed a second time. Galatis was released two weeks before the reviewing court's second decision inHopkins. Relying on the law of the case doctrine, the reviewing court did not apply Galatis, affirmed *Page 12 
the trial court, and refused to reconsider based upon Galatis.M at ¶ 13. The Ohio Supreme Court held that
 [b]ecause [the Galatis] holding is contrary to the determination in Hopkins I that [plaintiff] was entitled to Scott-Pontzer coverage, Galatis constituted an intervening decision by a superior court that was inconsistent with the law of the case. Under these extraordinary circumstances, the court of appeals should have followed Galatis.
Hopkins, 104 Ohio St. 3d 461, at ¶ 19. The Galatis decision "intervened" because it was a statement of law by a superior court that was contrary to the prior mandate from the appellate court and was decided between resolution of the first and second appeals. See State ex rel. Crandall,Pheils Wisniewski v. DeCessna, 73 Ohio St. 3d 180, 183 (1995).
 {¶ 18} These "extraordinary circumstances" do not exist in this case because Galatis was released months before this Court's resolution of the first appeal in this matter. When National Union did not appeal this Court's first decision to the Ohio Supreme Court, the law of the case doctrine applied. Pipe Fitters Union Local No. 392 v. Kokosing Constr.Co. Inc., 81 Ohio St. 3d 214, 218 (1998) (citing Beifuss v. WestervilleBd. of Edn., 37 Ohio St. 3d 187, 191 (1988)). Galatis cannot constitute an "intervening decision" when it did not intervene between the first and second appeals. An intervening decision is one that states a rule of law in conflict with an earlier mandate of a reviewing court. State exrel. Crandall, Pheils Wisniewski v. DeCessna, 73 Ohio St. 3d 180, 183
(1995). In this case, no mandate had yet issued at the time thatGalatis was decided. *Page 13 
Therefore, in this case, there are no "extraordinary circumstances" justifying an exception to the law of the case doctrine. Accordingly, the trial court erred in vacating the default judgment against National Union on remand. Ms. Neiswinter's first assignment of error is sustained.
 {¶ 19} The dissent has suggested that this Court should not apply law of the case in this appeal. We do not perceive an injustice. Whatever the wisdom of this Court's decision in the first appeal, National Union failed to timely appeal to the Ohio Supreme Court. The holding in this second appeal is limited to the unique facts and circumstances in this matter. Reasonable minds may differ on the legal reasoning applied by this and the trial court in the past. Whatever the merits of this Court's past rulings, however, this case is not sufficiently extraordinary as to justify an exception to the law of the case doctrine.
 {¶ 20} Ms. Neiswinter's second assignment of error is that the trial court incorrectly granted summary judgment to National Union on remand. This Court's resolution of Ms. Neiswinter's first assignment of error has rendered this assignment of error moot, and it is overruled on that basis.
 CONCLUSION {¶ 21} The law of the case doctrine applies. The Ohio Supreme Court's decision in Westfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216,2003-Ohio-5849 does not constitute an intervening decision that would operate as an exception to this doctrine in a claim by an employee seeking coverage under her employer's *Page 14 
insurance policies when the plaintiff was not in the course and scope of employment at the time of the collision. Accordingly, the law of this Court's first decision applies in this case. The default judgment rendered against National Union stands. The judgment of the Summit County Common Pleas Court is reversed, and this matter is remanded with specific instructions for the trial court to enter judgment against National Union on the damages as determined at trial.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 15 
Costs taxed to appellees.
WHITMORE, J. CONCURS