{¶ 24} I respectfully dissent. Because plaintiffs complaint fails to state a claim and was filed years outside the statute of limitations, I would conclude that a default judgment cannot be entered against defendants, and in no way may the treble damages provision of R.C.2307.61 be awarded as damages. Moreover, I find it objectionable that the trial court did not issue an order to compel in this instance until February 24, 2006, in an order which mandated that discovery be provided by February 28, 2006, and did not notify the parties of any possible sanctions for noncompliance. In light of all of the foregoing, I conclude that plaintiff was not entitled to a default judgment, and was not entitled to damages, even if styled as a "sanction" for failure to provide discovery. I would simply reverse the judgment entered by the trial court and would not order a remand.
 {¶ 25} The majority acknowledges that "this district has held that a default issued as a discovery sanction requires a valid underlying cause of action[,]" citing to Lavelle v. Lee A. Gettling Inc. (Mar. 15, 2001), Cuyahoga App. No. 77684. I would apply this rule herein as it is well-steeled that a default judgment cannot be rendered on a complaint that fails to state a claim upon which relief can be granted.Neiswinter v. Nationwide Mut. Fire Ins. Co., Summit App. No. 23648,2008-Ohio-37, citing Michael D. Tully Co., LPA v. Dollney (1987),42 Ohio App.3d 138, 141, *Page 13 537 N.E.2d 242; Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 135, 493 N.E.2d 964; and American Bankers Ins. Co. v.Leist (1962), 117 Ohio App. 20, 22, 189 N.E.2d 456.
 {¶ 26} As the majority further notes, there is substantial evidence that would result in a conclusion that there is no cause of action here. Although this matter was filed pursuant to R.C. 2307.61, it is impossible to identify the theft offense upon which the case was predicated. Plainly, an ill advised business venture, followed by a financial loss and an adverse court judgment are not sufficient to establish "wilful damage to property" or "a theft offense, as defined in section 2913.01." It is therefore beyond dispute that plaintiff can prove no set of facts which would entitle him to the requested relief. Cf. York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144,573 N.E.2d 1063. More troubling, the matter is plainly barred by the statute of limitations. Steinbrick v. Cleveland Elec. Illuminating Co. (Aug. 25, 1994), Cuyahoga App. No. 66035 (actions under R.C. 2307.61 are subject to the one-year statute of limitations set forth in R.C. 2305.11(A) because such actions contemplate a penalty.); cf. Cleveland Mobile RadioSales, Inc. v. Verizon Wireless, 113 Ohio St.3d 394, 2007-Ohio-2203,865 N.E.2d 1275 (the one-year statute of limitations set forth in R.C.2305.11 and not the six-year statute of limitations found in R.C.2305.07 applies to actions for treble damages under R.C. 4905.61.).
 {¶ 27} While the majority and the trial court based their decision upon Newman's counsel's failure to provide discovery, it is not realistic to expect that *Page 14 
attorneys would keep files for years after the expiration of the limitations period. Further the medical explanation offered by Newman's counsel was completely disregarded and Newman is treated as though he had not retained counsel in this matter. Moreover, the sanctions provided for in Civ.R. 37(B) (including default judgment) result from a violation of a discovery order, not merely from a discovery request.Grenga v. Bank One, N.A., Mahoning App. No. 04 MA 94, 2005-Ohio-4474. See, also, Staff Notes to Civ.R. 37(B). In addition, although a trial court is permitted to grant default judgment as a sanction for failing to comply with discovery orders, it is not a favored outcome and it is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party. Id., citing Toney v. Berkemer (1983), 6 Ohio St.3d 455, 453 N.E.2d 700, syllabus. I find it extremely objectionable that the trial court did not issue an order to compel in this instance until February 24, 2006. The trial court then ordered that discovery be provided by February 28, 2006, but the court did not notify the parties of any possible sanctions for noncompliance.
 {¶ 28} Although the majority places heavy reliance upon the fact that the default and treble damages were awarded pursuant to Civ.R. 37 following the failure to comply with discovery, rather than pursuant to Civ.R. 55 for failure to answer, I find this a distinction without a difference. Clearly the failure to answer a complaint is comparable to the failure to provide discovery and would not be entitled to *Page 15 
additional procedural protections. Despite the proceedings that occur before a default is entered, a default is, by its nature, not an admission of liability. Belfance v. Resash, Inc., Summit App. Nos. 23415 23437, 2007-Ohio-6614; Ross v. Shively, Summit No. 23719,2007-Ohio-5118. The underlying merits or lack thereof must always be considered and are especially significant in this matter since treble damages were awarded based on R.C. 2307.61 and plaintiff failed to state a claim under this statute and did not file the action within the limitations period. I would conclude that the default judgment was entered in error and that no damages may be awarded to plaintiff even if characterized as a discovery-related sanction.
 {¶ 29} Finally, I am troubled that the trial judge became angry with defendant Newman and/or his counsel and that anger may have infected the proceedings and helped produce the damage award rendered herein. *Page 1