[Cite as *Vikoz Ent., L.L.C. v. Wizards of Plastic Recycling, Inc.*, 2011-Ohio-4486.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VIKOZ ENTERPRISES, LLC

     Appellee

     v.

WIZARDS OF PLASTIC
RECYCLING, INC.

     Appellees

     and

ALLIANCE ONE, LLC

     Appellant

C.A. No.     25759

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2008-10-7429

DECISION AND JOURNAL ENTRY

Dated: September 7, 2011

WHITMORE, Judge.

{¶1} Appellant, Alliance One, LLC ("Alliance"), appeals from the judgment of the Summit County Court of Common Pleas, granting a default judgment in favor of Vikoz Enterprises, LLC ("Vikoz"). This Court affirms in part and reverses in part.

I

**{¶2}** On December 19, 2008, Vikoz obtained a default judgment against Wizards of Plastic Recycling, Inc. ("Wizards of Plastic") in the amount of $38,304.41. Subsequently, Vikoz sought to garnish Wizards of Plastic's property in order to satisfy its judgment. Vikoz conducted a debtor's examination and soon asked the court to appoint a receiver, as the debtor's exam revealed that "only the equipment and other possessions maintained at [Wizards of Plastic's] premises [were] sufficient to satisfy the judgment entered herein." The court appointed a receiver by order dated September 9, 2009. Upon investigating the assets of Wizards of Plastic, the receiver discovered several entities with potential interests. Each time, the receiver filed a motion to add the entities as new party defendants, and the trial court granted the motion and ordered that the entities be served with a copy of its order, the receiver's motion, and Vikoz' complaint against Wizards of Plastic.

**{¶3}** On August 10, 2010, the court granted the receiver's motion to add Alliance as a new party defendant. The court ordered Alliance "to set forth any claim or interest it may have in and to the assets of Wizards of Plastic *** in a timely manner, or be forever barred from asserting any claim or interest in and to said assets." The receiver filed a praecipe for service by ordinary mail upon Alliance on September 9, 2010 and another praecipe for service by FedEx overnight delivery on October 12, 2010. The Clerk of Courts served Alliance with a summons, pursuant to the receiver's request for service. Alliance did not respond to the receiver's service of process or otherwise appear in the action.

**{¶4}** On November 30, 2010, Vikoz sought a default judgment against Alliance pursuant to Civ.R. 55. The trial court granted a default judgment in favor of Vikoz on December 9, 2010, holding that Alliance "shall be prohibited from asserting any lien or other claim in this action" as a result of its failure to defend.

**{¶5}** Alliance now appeals from the trial court's December 9, 2010 judgment entry and raises three assignments of error for our review. Because the assignments of error are interrelated, we consolidate them for ease of analysis.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION OR ERRED AS A MATTER OF LAW IN GRANTING A MOTION FOR DEFAULT JUDGMENT BECAUSE OF (A) AN IMPROPER DEADLINE, (B) THE NATURE OF ALLIANCE'S SECURITY INTEREST, AND/OR (C) ALLIANCE'S GOOD FAITH EFFORTS TO COMPLY ONCE MADE AWARE IT HAD NOT RETAINED COUNSEL."

Assignment of Error Number Two

"THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN JOINING ALLIANCE UNJUSTLY AS A NEW PARTY DEFENDANT POST JUDGMENT, WITH UNCLEAR DEMANDS AS TO A PROPER RESPONSE, AND A BRIEF TIME TO RESPOND."

Assignment of Error Number Three

"THE TRIAL COURT COMMITTED PREJUDICIAL, REVERSIBLE ERROR BY GRANTING RELIEF IN A DEFAULT JUDGMENT THAT WAS NOT REQUESTED IN THE COMPLAINT."

**{¶6}** In its assignments of error, Alliance argues that the trial court erred by joining it as a new party defendant and by entering a default judgment against it. Because our resolution of Alliance's default judgment argument moots a portion of its joinder argument, we first address Alliance's argument that the court erred by entering default judgment against it.

**{¶7}** "Civ.R. 55(A) permits a party to move for default judgment if the party against whom a judgment is sought has failed to plead or otherwise defend." *Haley v. DCO Internatl., Inc.*, 9th Dist. No. 24820, 2010-Ohio-1343, at ¶7. Yet, default judgment is not appropriate "when the complaint fails to state a claim against the defendant." *Ross v. Shively*, 9th Dist. No. 23719, 2007-Ohio-5118, at ¶10. Accord *Perkins v. Nocum*, 9th Dist. No. 10CA0098-M, 2011-

Ohio-4167, at ¶9. A default judgment cannot lie against a defendant for claims that were not asserted. *Ross* at ¶14.

{¶8} Vikoz sought a default judgment against Alliance after the trial court added Alliance "as a party defendant to this action," on the motion of the receiver. While it is not entirely clear, it would appear that Vikoz sought the default judgment based on Alliance's failure to respond to the original complaint Vikoz filed against Wizards of Plastic. That complaint, however, only named Wizards of Plastic as a defendant and did not seek "a judgment for affirmative relief" against Alliance. Civ.R. 55(A). Indeed, the trial court entered judgment in favor of Vikoz on its complaint on December 19, 2008. Vikoz received the only affirmative relief it requested in its complaint. Although the receiver served Alliance with a copy of Vikoz' complaint for notification purposes, Alliance was not required to respond to the complaint itself because it did not state a claim against Alliance. As a matter of law, Vikoz was not entitled to a default judgment against Alliance because Vikoz never pursued a judgment upon which Alliance could default. *Ross* at ¶14. For that reason, we agree that the trial court erred by granting a default judgment against Alliance. Alliance's first and third assignments of error are sustained on that basis.

{¶9} As to the joinder of Alliance in the present action, we conclude that the trial court acted within its authority when it ordered Alliance to set forth any claim or interest it might have in the assets of Wizards of Plastic. "A receiver may be appointed *** [a]fter judgment, to carry the judgment into effect[.]" R.C. 2735.01(C). The receiver "may bring and defend actions in his own name as receiver, take and keep possession of property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes." R.C. 2735.04. R.C. 2735.04 enables "the trial court to exercise its

sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 67-68.

{¶10} The trial court here appointed a receiver to oversee all of the assets of Wizards of Plastic. Upon motion by the receiver, the trial court added Alliance as a party defendant and ordered Alliance to "set forth any claim or interest it may have in and to the assets of Wizards of Plastic *** in a timely manner[.]" See S.C.C. Rule 9.02 (authorizing appointed receiver to "give notice to all known creditors of the appointment of receiver and afford them the opportunity to present and prove their claims"). Alliance argues that the joinder was unjust because it required Alliance "to respond to a complaint that did not plead for any relief against [it]," the court had already entered judgment on the complaint, and Alliance was never given a meaningful opportunity to respond.

{¶11} Alliance's first argument is moot as we have already determined that it was not required to respond to the complaint Vikoz filed against Wizards of Plastic. App.R. 12(A)(1)(c). To the extent Alliance takes issue with the fact that the receivership proceedings commenced after a judgment in favor of Vikoz, we find no merit in that assertion. The Revised Code specifically authorizes the appointment of a receiver in a post-judgment setting. R.C. 2735.01(C). Further, Alliance has not pointed this Court to any relevant case law in support of its argument that it was improper for the trial court to join Alliance as a party, pursuant to the receiver's motion. See App.R. 16(A)(7). See, also, *Gibbs*, 60 Ohio St.3d at 67-68. The trial court's order notified Alliance of the pending litigation and ordered Alliance to "set forth any claim or interest it may have in and to the assets of Wizards of Plastic[.]" Thus, the order specifically gave Alliance an opportunity to assert its interest, if any. Alliance's primary concern on appeal is that the opportunity to respond was not meaningful in nature because the timeframe

within which it had to respond was not clear and it was not aware of the initial litigation between Vikoz and Wizards of Plastic. The only evidence of the prejudice Alliance suffered as a result of the trial court's actions, however, is the default judgment the court entered against it. In the absence of the default judgment, the record does not support Alliance's assertion that it suffered prejudice as a result of its joinder. The court joined Alliance as a party to the receivership proceedings, not the underlying litigation between Vikoz and Wizards of Plastic. Accordingly, Alliance's second assignment of error is overruled.

## III

{¶12} Alliance's second assignment of error is overruled. Its first and third assignments of error are sustained for the reasons set forth above. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

JEFFREY P. POSNER, Attorney at Law, for Appellant.

LAWRENCE SCANLON, Attorney at Law, for Appellee.