DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, George R. Wertz, as administrator of the estate of Kerry E. Boyer, deceased, appeals the judgment of the Summit County Court of Common Pleas that granted declaratory judgment in favor of Appellee, Indiana Insurance Company ("Indiana"). We affirm.
 I. {¶ 2} An order on stipulations entered by the trial court discloses the following facts. On August 25, 2000, Kerry Boyer was killed in an automobile accident while he was a passenger in a vehicle operated by Leslie Ludle and owned by Ronald Bland. The collision was caused, at least in part, by the negligence of Ludle. At the time of the accident, Boyer was employed by Cardinal Maintenance and Service Company ("Cardinal"). Cardinal was the named insured on three insurance policies issued by Indiana: a commercial general liability ("CGL") policy, a business auto policy, and a commercial umbrella policy.
 {¶ 3} On August 14, 2002, Wertz, as the administrator of Boyer's estate, filed a complaint in the Summit County Court of Common Pleas, asserting wrongful death and personal injury claims against Bland and Ludle, and seeking a declaration that the policies issued by Indiana to Cardinal provide uninsured/underinsured motorists ("UM/UIM") coverage for Boyer's injuries and death. Wertz ultimately settled the claims against Bland and Ludle, and they are not relevant to this appeal. On April 29, 2003, the trial court entered final judgment on the declaratory judgment action in favor of Indiana, finding that Boyer's injuries and death were not covered by the CGL policy, the business auto policy, or the commercial umbrella policy. This appeal followed.
 II. {¶ 4} As an initial matter, we note the appropriate standard of review. The parties stipulated to the underlying facts in this case, and the only issue raised by each of the assignments of error is whether the trial court correctly applied the law to those facts. As this presents us with questions of law only, our review is de novo. Wayne Mut. Ins. Co.v. Parks, 9th Dist. No. 20945, 2002-Ohio-3990, at P13.
 First Assignment of Error
"The trial court erred in granting declaratory judgment against plaintiff-appellant and in favor of defendant-appellee by finding that the commercial general liability policy issued by defendant-appellee is not a motor vehicle policy subject to the requirements of R.C. 3937.18."
 {¶ 5} In his first assignment of error, Wertz argues that the trial court erred when it determined that the CGL policy issued by Indiana is not a motor vehicle policy of insurance, and thus not subject to the mandatory UM/UIM offer provision of former R.C. 3937.18. We disagree.
 {¶ 6} "For the purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, syllabus. The CGL policy became effective on September 19, 1999; therefore, we apply the version of R.C.3937.18 that was in effect on that date. This version reflects the amendments generated by H.B. 261, effective September 3, 1997.
 {¶ 7} The applicable version of R.C. 3937.18 required insurers to offer UM/UIM coverage with every automobile or motor vehicle liability policy issued in Ohio. If UM/UIM coverage was not offered, it is part of the policy by operation of law. See Gyori v. Johnston Coca-Cola BottlingGroup, Inc. (1996), 76 Ohio St.3d 565. Insurance policies that may not be properly characterized as automobile or motor vehicle liability policies, however, are not subject to this mandatory offer provision.
 {¶ 8} H.B. 261 amended R.C. 3937.18 to include the following definition of automobile or motor vehicle liability policies:
"(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; [or]
"(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section." R.C.3937.18(L)
 {¶ 9} R.C. 4509.01(K) defines proof of responsibility as:
"Proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident."
 {¶ 10} According to the plain meaning of R.C. 3937.18(L) and R.C.4509.01(K), for an insurance policy to be considered an automobile or motor vehicle liability insurance policy in a post-H.B. 261 context, the policy must either: (1) serve as proof of financial responsibility for owners or operators of the motor vehicles specifically identified in the policy, or (2) be an umbrella liability insurance policy written in excess over a policy that serves as proof of financial responsibility. Ashleyv. Baird, 9th Dist. No. 21364, 2003-Ohio-2711, at P19.
 {¶ 11} Appellant argues that the CGL policy issued by Appellee falls within the first category of automobile or motor vehicle liability insurance policies described by R.C. 3937.18(L) and R.C. 4901.01(K), i.e., that it serves as proof of financial responsibility for owners or operators of motor vehicles specifically identified in the policy. Therefore, argues Appellant, the policy is subject to the mandatory UM/UIM offer provision of R.C. 3937.18, and, because UM/UIM coverage was not validly offered and rejected, it is part of the policy by operation of law.
 {¶ 12} In support of his argument that the CGL policy serves as proof of financial responsibility for owners or operators of motor vehicles specifically identified in the policy, Appellant points to a "parking exception" contained in the policy. The language highlighted by Appellant provides that bodily injuries and property damage arising from "[p]arking an `auto' on, or on the ways next to, premises you own or rent" are excepted from one of the policy's exclusions, "provided the `auto' is not owned by or rented or loaned to you or the insured." Appellant contends that this provision renders the policy a motor vehicle liability insurance policy, by providing coverage to a "specifically identified group of motor vehicles: those being parked next to premises owned or rented by the insured, which vehicles are not owned or rented by the named insured."
 {¶ 13} This Court has previously determined that parking exceptions identical to the one contained in the CGL policy issued by Appellee did not transform the policies in which they were contained into automobile or motor vehicle liability insurance policies within the meaning of R.C. 3937.18 and R.C. 4509.01. See Ashley v. Baird, 9th Dist. No. 21364, 2003-Ohio-2711; Wiley v. Grange Mut. Cas. Co., 9th Dist. No. 21145, 2003-Ohio-539; Gilcreast-Hill v. Ohio Farmers Ins. Co., 9th Dist. No. 20983, 2002-Ohio-4524. Like the parking exceptions examined in these prior cases, the parking exception contained in the Indiana CGL policy "does not specifically identify any vehicles; it merely refers to general types and categories of vehicles." Ashley, 9th Dist. No. 21364, at P28. Therefore, the CGL policy issued by Appellee is not an automobile or motor vehicle liability insurance policy. Consequently, it is not subject to the mandatory UM/UIM offer provision of former R.C. 3937.18, and it does not contain UM/UIM coverage by operation of law. Appellant's first assignment of error is overruled.
 Second Assignment of Error
"The trial court erred in granting declaratory judgment against plaintiff-appellant in favor of defendant-appellee on the basis that the business auto policy issued by defendant-appellee excluded [UM/UIM] motorist coverage for an individual operating or occupying a vehicle not specifically identified in the policy."
 {¶ 14} In his second assignment of error, Appellant challenges the trial court's determination that the business auto policy issued by Appellee does not provide coverage for Boyer's injuries and death. Specifically, Appellant argues that: (1) the policy restricts UM/UIM coverage in contravention of R.C. 3937.18; and (2) the policy impermissibly provides UM/UIM coverage which is more limited than its liability coverage. We disagree with both arguments.
 {¶ 15} The declarations and the coverage form for the business auto policy issued by Indiana to Boyer's employer provides that "only those `autos' you own" are covered automobiles for UM/UIM purposes. An Ohio Uninsured Motorists Coverage[1] Bodily Injury endorsement contained in the business auto policy provides the following description of "who is an insured":
"1. You.
"2. If you are an individual, any `family member.'
"3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 16} Appellant does not dispute the trial court's determination that, because Kerry Boyer was not occupying a covered automobile, i.e. one owned by a "you" within the meaning of the policy, his injuries and death are not eligible for UM/UIM coverage under the policy. Rather, Appellant asserts that such a restriction is unlawful.
 {¶ 17} First, Appellant contends that this restriction contravenes the applicable version of R.C. 3937.18. The only argument Appellant offers in support of this contention is that Boyer is not a named insured on the policy, and the version of R.C. 3937.18 in effect on September 19, 1999 "only permits such exclusions for `named insureds.'" This argument is without merit. In his brief, Appellant maintains that Boyer was an "insured" under the business auto policy. This Court has previously declined to differentiate between the "insured" and the "named insured" for the purpose of determining the scope of the exclusions authorized by R.C. 3937.18(J)(1). See Mazza v. American Continental Ins.Co., 9th Dist. No. 21192, 2003-Ohio-360, appeal allowed 2003-Ohio-3717;Chapman v. Chapman, 9th Dist. No. 21443, 2003-Ohio-5043.
 {¶ 18} Second, Appellant asserts that the "declarations page of the business auto policy demonstrates" that the policy's UM/UIM coverage is more limited than its liability coverage. Appellant essentially argues that, under Linko v. Indem. Ins. Co. of N. Amer. (2000), 90 Ohio St.3d 445, absent a valid waiver, the policy's UM/UIM coverage must be substantively equivalent to its liability coverage.
 {¶ 19} This Court has recently rejected the same argument. SeeLumbermens Mut. Cas. Co. v. Xayphonh, 9th Dist. No. 21217,2003-Ohio-1482. R.C. 3937.18 requires only that UM/UIM coverage be offered and, if such coverage is rejected completely or accepted in a reduced amount, that the rejection or reduction be in writing. Id. at P14, citing Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, and Linko v. Indemn. Ins. Co. (2000), 90 Ohio St.3d 445. The declarations page of the business auto policy reveals that the policy provides UM/UIM coverage and liability coverage in the same amount: $1,000,000. It is immaterial that the UM/UIM coverage might be more limited than the liability coverage in some other way.
 {¶ 20} Both arguments proffered by Appellant in support of his second assignment of error are without merit. Appellant's second assignment of error is overruled.
 Third Assignment of Error
"The trial court erred in granting declaratory judgment against plaintiff-appellant and in favor of defendant-appellee on the basis that plaintiff's decedent was not entitled to coverage on the commercial general liability policy or the business auto policy[,] both of which are listed on the umbrella policy's schedule of underlying insurance."
 {¶ 21} In his third and final assignment of error, Appellant challenges the trial court's determination that, because the Indiana CGL and business automobile policies do not cover Boyer's injuries and death, neither does the Indiana umbrella policy.
 {¶ 22} The umbrella policy issued by Appellee to Boyer's employer lists on its "Schedule of Underlying Insurance" both the CGL and the business auto policies discussed above. Appellant argues that because Boyer's injuries and death are indeed covered by both the CGL and the business auto policies issued by Indiana, they are also covered by the umbrella policy.
 {¶ 23} This argument hinges upon our resolution of the first two assignments of error. Given our conclusions that Appellant has failed to demonstrate that the trial court erred in its determinations that Boyer's injuries and death are not covered by the CGL policy or the business auto policy, Appellant has also failed to demonstrate that the trial court erred in concluding that the umbrella policy does not provide coverage. Appellant's third assignment of error is overruled.
 III. {¶ 24} Appellant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Slaby, P.J., Whitmore, J. concur.
[1] Although the policy refers only to "uninsured motorists coverage," definitions within the policy reveal that the term is intended to encompass both uninsured and underinsured motorists coverage.