DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Polen Implement, Inc. ("Polen"), appeals the amount of the judgment it was awarded against Defendant-Appellee, Peter Toth, by the Oberlin Municipal Court. We affirm in part and reverse in part.
 I {¶ 2} On July 17, 2005, Toth rented a John Deere 325 skid load tractor with accessories ("the equipment") from Polen. Two days following delivery of the equipment to Toth, Toth informed Polen that the equipment had been damaged. Polen brought the equipment back to its place of business and repaired it.
 {¶ 3} Polen brought both breach of contract and negligence claims against Toth, seeking to recover $5,525.63 in repair costs to the equipment. Toth filed a counter-claim against Polen for $762.88 in damages to his trailer that he claimed occurred when Polen attempted to load the equipment onto Toth's trailer. *Page 2 
 {¶ 4} On October 5, 2007, the trial court found that the equipment was damaged while outside Polen's possession and awarded Polen $1,257.11 for repairs pursuant to its breach of contract claim. With respect to Polen's negligence claim, the trial court found both parties to be 50% negligent and noted that Polen did not present any evidence regarding the market value of the equipment immediately after the damage. The trial court found, therefore, that Polen failed to prove any damages on its negligence claim. Similarly, the trial court found that both parties were 50% negligent with respect to Toth's counter-claim and noted that Toth did not provide any evidence regarding the market value of his trailer. Therefore, the court found that Toth failed to prove any damages pursuant to his counter-claim.
 {¶ 5} Polen timely appealed the amount of the judgment award, raising four assignments of error for our review. Toth did not file a cross-appeal. We combine Polen's third and fourth assignments of error for ease of analysis.
 II Assignment of Error Number One "THE TRIAL COURT'S ASSESSMENT OF DAMAGES OWED TO APPELLANT BY APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONSTITUTED AN ABUSE OF DISCRETION."
 {¶ 6} In its first assignment of error, Polen contends that the trial court's assessment of damages was against the manifest weight of the evidence and that the amount awarded to Polen should have been $5,309.63.[1] We agree.
 {¶ 7} This Court applies the standard of review set forth in C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus, when analyzing a civil manifest weight *Page 3 
argument. Huntington Natl. Bank v. Chappell, 9th Dist. No. 06CA008979, 2007-Ohio-4344, at ¶ 4, citing State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, at ¶ 24. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Wilson at ¶ 24, quoting C.E. Morris at syllabus. When applying the aforementioned standard, a reviewing court "has an obligation to presume that the findings of the trier of fact are correct." Wilson at ¶ 24, quoting Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80-81. This is because the trier of fact is in the best position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal,10 Ohio St.3d at 80. While "[a] finding of an error in law is a legitimate ground for reversal, a difference of opinion on credibility of witnesses and evidence is not." Id. at 81. Thus, in a civil manifest weight of the evidence analysis a reviewing court may not simply "reweigh the evidence and substitute its judgment for that of the [trier of fact]." Wilson at ¶ 40. Compare State v. Thompkins (1997),78 Ohio St.3d 380, 387 (describing the reviewing court's role in analyzing a criminal manifest weight of the evidence argument as that of the "thirteenth juror").
 {¶ 8} As an initial matter, this Court notes that Toth failed to file an appellate brief in the instant appeal. Therefore, "[p]ursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [A]ppellant's brief reasonably appears to sustain such action." Bank of New York v.Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2. *Page 4 
 {¶ 9} The parties entered into a written contract for rental of the equipment. The contract contains two provisions with respect to damages to the equipment. The first clause ("Clause One") provides:
 "Lessee shall indemnify Lessor against all loss or damage to the Equipment while it is out of Lessor's possession, and the amount of any such loss or damage shall be based on the value shown above. Damage to the Equipment, other than a total loss, shall not abate or excuse the making of prescribed rental payments."
The second clause ("Clause Two") provides:
 "Lessee agrees to use and care for the Equipment in a careful and prudent manner, to pay all operation and maintenance expenses while the Equipment is out of the possession of Lessor, and to make, at his expense, any and all repairs. The Equipment shall be returned to Lessor in as good condition as received, reasonable wear and tear excepted. If, upon its return to Lessor, the Equipment is not in such good condition, Lessor may repair it and Lessee will pay the cost of any such repairs at Lessor's regular shop rates."
 {¶ 10} We agree with the trial court's initial finding that the equipment was damaged while out of Polen's possession and that Toth failed to return the equipment to Polen pursuant to contract "in as good condition as received, reasonable wear and tear excepted." The evidence indicates that the tractor itself had been used only about 80 hours prior to its rental to Toth. The grapple and tracks were new. However, upon return of the equipment by Toth, the grapple was bent, the tracks and all four tires were damaged, the radiator was punctured, the side shields were torn off, the back cover was bent, and the hose covers were torn.
 {¶ 11} With respect to the appropriate measure of damages, this Court has indicated the following:
 "`While the usual measure of damages in a case such as this would be the difference between the fair market value of the [equipment] before and after the accident, an alternative method-the cost of repair-is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages. In other words, the cost of repair must not exceed the diminution in market value. Nor may the cost of repair exceed the fair market value of the property before the accident.'" Erie Ins. Co. v. *Page 5 Howard, 9th Dist. No. 21999, 2004- Ohio-5171, at ¶ 5, quoting Allstate Ins. Co. v. Reep (1982), 7 Ohio App.3d 90, 91, 454 N.E.2d 580.
 {¶ 12} Further, "[t]his Court finds that the law in Ohio requires some evidence of the diminution of value even when repair costs are used as the measure of damages." Id. at ¶ 6. However, "[r]epair costs alone have been permitted to be used as evidence of damages if the defendant does not object." Id. at ¶ 10, citing Reep, 7 Ohio App.3d at 91; Welsh v.Yoshida (Apr. 19, 2002), 11th Dist. No. 2001-L-033.
 {¶ 13} The trial court correctly noted that no evidence was presented for the court to make a finding of damages based on market value of the equipment pursuant to Clause One. While the market value of the equipment prior to rental was placed at $34,500, there was no evidence presented as to the market value of the equipment upon return to Polen. However, the cost of repairs was significantly lower than the market value of the equipment prior to rental to Toth and there is no evidence to suggest that the equipment had a greater market value after the repairs than before the damage. Moreover, Toth did not object to using cost of repair to measure damages as opposed to diminution of market value. Therefore, the court properly determined that the appropriate measure of damages was the cost of repair pursuant to Clause Two.
 {¶ 14} The trial court correctly found that, based on the cost of repair measure, the rental contract required Toth to pay Polen for repairs calculated at "regular shop rates." However, the court erred in its determination that the repairs completed at "regular shop rates" only amounted to $1,257.11. The evidence shows that the $1,257.11 only accounts for the repair parts and labor literally provided by Polen's service department. The amount awarded by the court neglected to account for the cost of repairs to the tires and punctured radiator performed by outside repair shops, as well as for the cost of purchasing new tracks and tires for the equipment. *Page 6 
 {¶ 15} Richard T. Polen, sales manager of Polen, testified that the labor rates charged to repair the damages to the company's own equipment were the same labor rates that the company charges to third parties. He also indicated that the parts charged to the repair in Toth's case were billed at normal retail rates, except that the tires were discounted on a prorated basis to acknowledge usage sustained prior to Toth's rental. However, Polen did concede that he charged Toth for having two of the tires plugged before determining that they needed to be replaced. Polen also noted that he had the punctured radiator repaired, rather than replaced with a new radiator, presumably to lower the overall repair bill to Toth. He testified that the total cost of repairs to the equipment was $5,309.63. The evidence indicates that these costs consist of the following: $594.91 for in-house parts; $662.20 for in-house labor; $234.49 for radiator repair, tire repair, and service accessories; $93.23 in sales tax; $3,200.00 for new tracks; and $524.80 for new tires. There was no conflicting evidence presented as to these costs. Polen would have billed these same amounts to a third party customer. Toth was not charged a premium for either the parts or the labor. The evidence indicates that all repairs were billed at Polen's "regular shop rates" according to the plain language in Clause Two of the rental contract. As such, Polen is entitled to recover $5,309.63 in damages pursuant to Clause Two.
 {¶ 16} Polen needs to recover $5,309.63 in damages from Toth in order to be returned to its rightful position with respect to the rental contract. We find the trial court's assessment of damages to be against the manifest weight of the evidence. Accordingly, Polen's first assignment of error is sustained.
 Assignment of Error Number Two "THE TRIAL COURT ERRED AS A MATTER OF LAW COMMITTING REVERSIBLE ERROR WHEN IT HELD THE RENTAL AGREEMENT REQUIRED THE APPELLANT TO PROVE THE MARKET VALUE OF ITS PROPERTY IMMEDIATELY AFTER DAMAGE CAUSED BY APPELLEE." *Page 7 
 {¶ 17} In its second assignment of error, Polen contends that the trial court erred as a matter of law in holding that the rental agreement required it to prove the market value of the equipment immediately after being damaged by Toth. We disagree.
 {¶ 18} "The construction of written instruments *** is a matter of law." Karam v. High Hampton Development, Inc., 9th Dist. Nos. 21265 21269, 2003-Ohio-3310, at ¶ 20, citing Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Questions of law are determined de novo. Graham v. Drydock Coal Co. (1996),76 Ohio St.3d 311, 313, quoting Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108.
 {¶ 19} The trial court properly held that damages could not be calculated pursuant to Clause One because no evidence was presented as to the market value of the equipment immediately after return to Polen. Clause One provides that the amount of damage "shall be based on the value shown above." The amount "shown above" in the rental contract was $34,500. This amount was designated "Present Value." In order to calculate damages based upon the present value of the equipment, it would be necessary to know the present value of the equipment upon return in its damaged condition. This would enable a calculation of damages in terms of loss in present value. However, no market value for the equipment upon return to Polen was introduced into evidence. Therefore, the trial court correctly found that damages could not be calculated pursuant to Clause One.
 {¶ 20} However, this does not mean that damages to the equipment cannot be calculated pursuant to the alternative cost of repair standard in Clause Two. See Erie Ins. Co., supra. It simply means that damages based on loss in market value cannot be determined based on the evidence provided. There is no evidence indicating that the value of the equipment was greater *Page 8 
after repair than prior to rental to Toth. Furthermore, the cost of repair was significantly below the market value of the equipment. Moreover, Toth did not object to the use of the cost of repair measure of damages as opposed to the diminution in market value measure. Therefore, there is no basis for concluding that the cost of repair approach was not a valid method in determining the damages sustained by Polen due to Toth's breach of contract.
 {¶ 21} Given the lack of evidence needed to calculate damages based on market value pursuant to Clause One, Polen's second assignment of error is overruled.
 Assignment of Error Number Three "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW REGARDING THE MEASURE OF DAMAGES ON APPELLANT'S NEGLIGENCE CLAIM."
 Assignment of Error Number Four "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND APPELLANT CONTRIBUTORILY NEGLIGENT."
 {¶ 22} Polen's third and fourth assignments of error deal with its negligence claim. Polen alleges that the trial court committed reversible error in applying an incorrect measure of damages to its negligence claim and in finding Polen contributorily negligent. Because Polen's negligence claim is subsumed by its breach of contract claim, we decline to address the merits of Polen's arguments.
 {¶ 23} "In Ohio, a breach of contract does not create a tort claim."Textron Fin. Corp. v. Nationwide Mut. Ins. Co. (1996),115 Ohio App.3d 137, 151, citing Wolfe v. Continental Cas. Co. (C.A.6, 1981),647 F.2d 705, 710. "Generally, `the existence of a contract action *** excludes the opportunity to present the same case as a tort claim.'" Textron Fin.Corp., 115 Ohio App.3d at 151, quoting Wolfe, 647 F.2d at 710. Moreover, "[i]n addition to containing a duty independent of that created by contract, an action arising out of contract which is also based *Page 9 
upon tortious conduct must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are in addition to those attributable to the breach of the contract." (Emphasis omitted.)Textron Fin. Corp., 115 Ohio App.3d at 151, citing Cincinnati Gas Elec. Co. v. Gen. Elec. Co. (S.D.Ohio 1986), 656 F.Supp. 49, 63.
 {¶ 24} Polen has failed to establish damages in its negligence claim separate from those it argued in its breach of contract claim. In fact, Polen's negligence claim alleges precisely the same damages as its breach of contract claim. It does not include an allegation of any damages over and above those alleged in the breach of contract claim. Furthermore, "the fact that a plaintiff has separate and independent causes of action in contract and in tort does not permit him to recover more than the amount of damage actually suffered as a consequence of the injury resulting from the wrongful breach of his contract." Davison Fuel Dock Co. v. Pickands Mather Co. (1977), 54 Ohio App.2d 177, 182. Polen's negligence claim does not permit it to recover more than the amount of damage actually suffered from the wrongful breach of contract, regardless of the merits of its claim. Therefore, we need not consider the merits of Polen's negligence arguments.
 {¶ 25} Because Polen's breach of contract claim subsumes its negligence claim, Polen's third and fourth assignments of error are overruled.
 III {¶ 26} Polen's first assignment of error is sustained. Polen's second, third, and fourth assignments of error are overruled. Accordingly, the judgment of the Oberlin Municipal Court is affirmed in part, reversed in part, and the cause is remanded with instructions to the trial court to enter judgment for Polen in the amount of $5,309.63, consistent with this opinion. *Page 10 
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both parties.
Carr, P. J. Baird, J. concur
[1] We note that while Polen requested $5,525.63 in damages in its original complaint, it revised the amount on appeal to $5,309.63. *Page 1