[Cite as *Wizards of Plastic Recycling, L.L.C. v. R&M Plastic Recycling, L.L.C.*, 2012-Ohio-795.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WIZARDS OF PLASTIC
RECYCLING, LLC

      Appellee

      v.

R&M PLASTIC RECYCLING, LLC

      Defendant

      v.

JOHN C. COLLINS,
RECEIVER FOR WIZARDS OF PLASTIC
RECYCLING, INC.

      Appellant

C.A. No.     25951

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    10 CVG 07003

DECISION AND JOURNAL ENTRY

Dated: February 29, 2012

CARR, Judge.

{¶1}   Appellant, John C. Collins, Receiver for Wizards of Plastic Recycling, Inc., appeals the judgment of the Akron Municipal Court.  This Court reverses.

I.

{¶2}   We note that Wizards of Plastic Recycling, LLC did not file an appellate brief in this matter.  Accordingly, "this Court may accept [Mr. Collins'] statement of the facts and issues as presented in [his] brief as correct and reverse the judgment of the trial court if [his] brief reasonably appears to sustain such action."  *Polen Implement, Inc. v. Toth*, 9th Dist. No. 07CA009280, 2008-Ohio-3211, at ¶ 8; App.R. 18(C).

{¶3}  Wizards of Plastic Recycling, LLC ("Wizards LLC") and Wizards of Plastic Recycling, Inc. ("Wizards Inc.") are not the same.

{¶4}  In case number CV 2008-10-7429 in the Summit County Court of Common Pleas, Vikoz Enterprises, LLC ("Vikoz") obtained a judgment in the amount of $38,304.41 against Wizards Inc.  Vikoz is not a party to this appeal or the instant matter originating in the Akron Municipal Court.  Mr. Collins was appointed as the receiver of Wizards Inc.  Wizards Inc. and R&M Plastic Recycling, LLC ("R&M") entered into an asset purchase agreement which would allow Wizards Inc. to generate funds to allow it to satisfy all liens and judgments against it. Alliance One, LLC ("Alliance") had a lien against Wizard Inc.; however, Alliance failed to appear in the Vikoz case and assert its lien.  In fact, this Court affirmed Alliance's joinder as a party in the Vikoz case and recognized its opportunity and failure to "set forth any claim or interest it may have in and to the assets of Wizards [Inc.][.]"  *Vikoz Ent., L.L.C. v. Wizards of Plastic Recycling, Inc.*, 9th Dist. No. 25759, 2011-Ohio-4486, at ¶ 11.

{¶5}  Wizards LLC filed a complaint in the instant case in the Akron Municipal Court against R&M to recover $10,907.68 it alleged R&M owed it on account; for goods, services, and/or materials provided; or on the basis of unjust enrichment.  Wizards Inc. believes that Wizards LLC is a pseudonym used by Alliance to circumvent the receivership after it failed to assert its lien in the Vikoz case.  Wizards LLC obtained a default judgment against R&M and an order of garnishment against its bank account.  At the same time, R&M tendered a check for $95,000.00 to Mr. Collins in an effort to satisfy the terms of the asset purchase agreement between R&M and Wizards Inc.  The check was returned for insufficient funds as a result of the garnishment order issued in favor of Wizards LLC on the R&M account.  Only then did Mr. Collins learn that Wizards LLC had filed its suit and obtained judgment against R&M.

{¶6} On January 28, 2011, Mr. Collins filed both a motion to intervene in the municipal court case and a motion to vacate the judgment in favor of Wizards LLC. On February 4, 2011, the municipal court issued an order allowing Mr. Collins, as Receiver for Wizards Inc., to intervene as a party-defendant. Mr. Collins subsequently filed an answer, asserting various defenses including an assertion that Wizards LLC was not a legal entity with capacity to sue. He further filed a cross-claim against R&M for monies owed pursuant to the parties' asset purchase agreement. Two days later, Mr. Collins moved to transfer the matter to the Summit County Court of Common Pleas because his prayer for relief in his cross-claim exceeded the jurisdictional limit of the municipal court. Wizards LLC opposed transfer.

{¶7} The municipal court scheduled a hearing for February 28, 2011, on the motion to vacate. Wizards LLC moved to continue the hearing. The trial court then ordered Wizards LLC to file a response to both the motion to intervene and the motion to vacate by March 14, 2011. Wizards LLC timely filed its brief in opposition.

{¶8} On April 29, 2011, without any indication of an oral hearing having been held, the trial court issued an order vacating its earlier order granting intervention; denying Mr. Collins' motion to intervene; denying Mr. Collins' motion to vacate; denying Mr. Collins' motion to transfer; and dismissing Mr. Collins' answer and counterclaim. This Court presumes the trial court was referring to Mr. Collins' cross-claim, as that was the only claim he had pending.

{¶9} Mr. Collins filed a timely appeal, in which he raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING COLLINS' MOTION TO INTERVENE AND DISMISSING COLLINS' ANSWER AND CROSS CLAIM.

{¶10} Mr. Collins argues that the trial court erred by denying his motion to intervene and, consequently dismissing his answer and cross-claim. This Court agrees.

{¶11} Mr. Collins moved to intervene three-and-a-half months after default judgment was entered in favor of Wizards LLC against R&M, but a mere 18 days after the trial court issued the order garnishing R&M's bank account. The garnishment order prevented Wizards Inc. from cashing R&M's check issued for purposes of satisfying its obligations under the parties' asset purchase agreement. It was this situation which gave rise to Wizard Inc.'s knowledge of the default judgment issued in favor of Wizards LLC. Accordingly, Wizard Inc. filed a post-judgment motion to intervene.

{¶12} This Court reviews the trial court's ruling on a post-judgment motion to intervene for an abuse of discretion. *State Farm Mut. Ins. Co. v. Young*, 9th Dist. No. 22944, 2006-Ohio-3812, at ¶ 17. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). In this case, however, Wizards Inc. argues that the trial court failed to consider the appropriate factors before ruling on its motion. Therefore, it challenges the correct application of the law to the facts. "Whether the trial court correctly applied the law to the facts presents a question of law." *Young v. Young*, 9th Dist. No. 09CA0067, 2010-Ohio-3658, at ¶ 17, citing *Wertz v. Indiana Ins.*, 9th Dist. No. 21571, 2003-Ohio-5905, at ¶ 4. Accordingly, we review the trial court decision in this regard de novo.

{¶13} Wizards Inc. moved to intervene as of right pursuant to Civ.R. 24(A)(2). This Court has recognized four conditions which a non-party must demonstrate in order to intervene

as of right: "First, the appellant must claim an interest relating to the property or transaction which is the subject of the action. Second, the appellant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest. Third, the appellant's interest is not adequately represented by the existing parties. Finally, the application must be timely made." *Norton v. Sanders*, 62 Ohio App.3d 39, 41-42 (9th Dist.1989). Although intervention after a final judgment has been entered is rare, it is permissible where the intervenor has acted quickly in light of all the circumstances and the trial court has considered certain factors. *Id.* at 42. This Court has long recognized the propriety of those considerations: "'In determining whether to permit a post-judgment intervention, the courts have considered the following: the purpose for which intervention was sought; the necessity for intervention as a means of preserving the applicant's rights; and the probability of prejudice to those parties already in the case.'" *State Farm* at ¶ 16, quoting *Norton*, 62 Ohio App.3d at 42, citing Annotation, Timeliness of Application for Intervention As of Right Under Rule 24(a) of Federal Rules of Civil Procedure, 57 A.L.R.Fed. 150, 205 (1982).

{¶14} In this case, the trial court denied Mr. Collins' motion for leave to intervene based solely on the erroneous belief that post-judgment intervention is never permissible. As discussed above, intervention at such a time, although rare, is permissible under certain circumstances. Accordingly, we remand the matter to the trial court for proper consideration of the factors relevant to a post-judgment motion to intervene. Moreover, because the issue of the propriety of Mr. Collins' intervention is yet unresolved, the trial court erred in dismissing his answer and cross-claim. Mr. Collins' first assignment of error is sustained.

<u>**ASSIGNMENT OF ERROR II**</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING COLLINS'
MOTION TO VACATE THE JUDGMENT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING COLLINS' MOTION TO TRANSFER THE CASE TO THE SUMMIT COUNTY COURT OF COMMON PLEAS.

{¶15} In his second assignment of error, Mr. Collins argues that the trial court erred in denying his motion to vacate the default judgment entered in favor of Wizards LLC against R&M. In his third assignment of error, Mr. Collins argues that the trial court erred by denying his motion to transfer the case to the Summit County Court of Common Pleas because the relief sought in his cross-claim exceeded the jurisdictional limit of the municipal court. Based on our resolution of the first assignment of error, Mr. Collins' second and third assignments of error are not ripe for consideration and we decline to address them. *See State ex rel. Elyria Foundry Co. v. Indus. Comm. of Ohio*, 82 Ohio St.3d 88 (1998).

### III.

{¶16} Mr. Collins' first assignment of error is sustained. We decline to address his second and third assignments of error. The judgment of the Akron Municipal Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P.J.
CONCURS

DICKINSON, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JOHN C. COLLINS, Attorney at Law, for Appellant.

JEFFREY P. POSNER, Attorney at Law, for Appellee.