[Cite as *Wizards of Plastic Recycling L.L.C. v. R & M Plastic Recycling L.L.C.*, 2012-Ohio-3672.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WIZARDS OF PLASTIC RECYCLING, LLC

    Appellee

    v.

R & M PLASTIC RECYCLING, LLC

    Defendant

    v.

JOHN C. COLLINS,
RECEIVER FOR WIZARDS OF PLASTIC
RECYCLING, INC.

    Appellant

C.A. No.     25951

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    10 CVG 07003

DECISION AND JOURNAL ENTRY

Dated: August 15, 2012

---

CARR, Judge.

{¶1}    Appellant, John C. Collins, Receiver for Wizards of Plastic Recycling, Inc. ("Wizards Inc."), appeals the judgment of the Akron Municipal Court. This Court reverses.

{¶2}    This decision replaces this Court's prior decision issued February 29, 2012, pursuant to our journal entry issued April 26, 2012.

I.

{¶3}    Appellee, Wizards of Plastic Recycling, LLC ("Wizards LLC"), moved this Court to reconsider our prior decision because the Receiver had failed to serve it with appellant's brief. We directed Wizards Inc. to serve Wizards LLC with its brief and certify service of same to this

Court. We then allowed Wizards LLC twenty days in which to file its appellee brief. In lieu of an appellate brief, however, Wizards LLC filed a motion to dismiss the appeal on the grounds of mootness. Wizards Inc. opposed the motion. For the reasons below, this Court denies the motion to dismiss the appeal.

{¶4} The Ohio Supreme Court has addressed the issue of when a matter becomes moot:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence."

*Miner v. Witt*, 82 Ohio St. 237, 238 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). Moreover, although the Ohio Supreme Court has long recognized that "a satisfaction of judgment renders an appeal from that judgment moot[,]" it elaborated: "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, *and fraud has not intervened, and the judgment is voluntarily paid and satisfied*, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." (Emphasis added and internal quotations omitted. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990), *Rauch v. Noble*, 169 Ohio St. 314, 316 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361 (1927), paragraph three of the syllabus.

{¶5} In the underlying case, Wizards LLC sued R&M Plastic Recycling, LLC ("R&M") for money due and obtained a default judgment. Wizards LLC sought an order and notice of garnishment of R&M's bank account in aid of execution of the judgment. The trial

court ordered the clerk of court to pay any proceeds that came into his possession on account of the proceedings in aid of execution to Wizards LLC or its representative. It is unclear from the record when or if the clerk paid out any proceeds to Wizards LLC, although Wizards LLC asserts that it did. Wizards Inc. received notice of the default judgment when it attempted to cash a check from R&M and was precluded from doing so because of the garnishment. Soon thereafter, Wizards Inc. moved to intervene in the underlying action in an attempt to preserve its alleged interests. After the trial court granted its motion to intervene, Wizards Inc. filed an answer to Wizards LLC's complaint and a cross-claim against R&M. The trial court subsequently vacated its previous order granting the motion to intervene, denied the motion to intervene, and struck Wizards Inc.'s answer and cross-claim from the record. Wizards Inc. appealed from the order denying its motion to intervene and striking its answer and cross-claim.

{¶6} Wizards LLC argues that because it garnished the bank account of "Appellant," which could only mean Wizards Inc., and obtained payment of its judgment, "the judgment from which this appeal is taken has been satisfied." Wizards LLC has misconstrued the procedural history and facts and has misapplied the law.

{¶7} Wizards Inc. appealed from the order denying its motion to intervene in the case below and striking its answer and cross-claim, not from the order granting judgment in favor of Wizards LLC against R&M. Moreover, Wizards LLC did not obtain a monetary judgment against Wizards Inc. Accordingly, assuming that Wizards LLC obtained actual payment of its judgment against R&M, that judgment is not the subject of the instant appeal.

{¶8} In addition, Wizards LLC argues that the payment of the judgment was voluntary, thereby mooting the appeal, because Wizards Inc. did not seek or obtain a stay of judgment. This Court has recognized the voluntary satisfaction of a judgment where the defendant failed to

seek a stay of the trial court's judgment. *Alan v. Burns*, 9th Dist. No. 3271-M, 2002-Ohio-7313, ¶ 7. Wizards LLC cites no authority, however, to demonstrate how a non-party to an order granting a monetary judgment in favor of a plaintiff against a defendant has standing to obtain such a stay. Accordingly, its argument in this regard is not well taken.

{¶9} Finally, even if satisfaction of Wizards LLC's judgment might have resolved all issues relevant to Wizards Inc.'s interest in those funds, the grounds for Wizard Inc.'s motion to intervene, its answer, and cross-claim were premised on the allegation that Wizards LLC fraudulently procured its judgment. The Ohio Supreme Court expressly limited the mootness rule where fraud has intervened in the procurement of such judgment. *Blodgett*, 49 Ohio St.3d at 245.

{¶10} Wizards LLC failed to demonstrate how payment of the judgment it obtained against R&M rendered Wizards Inc.'s appeal from the denial of its motion to intervene moot. Accordingly, Wizards LLC's motion to dismiss the appeal is denied.

{¶11} This Court now addresses the substance of the underlying appeal.

II.

{¶12} We again note that Wizards of Plastic Recycling, LLC did not file an appellate brief in this matter. Accordingly, "this Court may accept [Mr. Collins'] statement of the facts and issues as presented in [his] brief as correct and reverse the judgment of the trial court if [his] brief reasonably appears to sustain such action." *Polen Implement, Inc. v. Toth*, 9th Dist. No. 07CA009280, 2008-Ohio-3211, ¶ 8; App.R. 18(C).

{¶13} Wizards of Plastic Recycling, LLC ("Wizards LLC") and Wizards of Plastic Recycling, Inc. ("Wizards Inc.") are not the same.

{¶14} In case number CV 2008-10-7429 in the Summit County Court of Common Pleas, Vikoz Enterprises, LLC ("Vikoz") obtained a judgment in the amount of $38,304.41 against Wizards Inc. Vikoz is not a party to this appeal or the instant matter originating in the Akron Municipal Court. Mr. Collins was appointed as the receiver of Wizards Inc. Wizards Inc. and R&M Plastic Recycling, LLC ("R&M") entered into an asset purchase agreement which would allow Wizards Inc. to generate funds to allow it to satisfy all liens and judgments against it. Alliance One, LLC ("Alliance") had a lien against Wizards Inc.; however, Alliance failed to appear in the Vikoz case and assert its lien. In fact, this Court affirmed Alliance's joinder as a party in the Vikoz case and recognized its opportunity and failure to "set forth any claim or interest it may have in and to the assets of Wizards [Inc.][.]" *Vikoz Ent., L.L.C. v. Wizards of Plastic Recycling, Inc.*, 9th Dist. No. 25759, 2011-Ohio-4486, ¶ 11.

{¶15} Wizards LLC filed a complaint in the instant case in the Akron Municipal Court against R&M to recover $10,907.68 it alleged R&M owed it on account; for goods, services, and/or materials provided; or on the basis of unjust enrichment. Wizards Inc. believes that Wizards LLC is a pseudonym used by Alliance to circumvent the receivership after it failed to assert its lien in the Vikoz case. Wizards LLC obtained a default judgment against R&M and an order of garnishment against its bank account. At the same time, R&M tendered a check for $95,000.00 to Mr. Collins in an effort to satisfy the terms of the asset purchase agreement between R&M and Wizards Inc. The check was returned for insufficient funds as a result of the garnishment order issued in favor of Wizards LLC on the R&M account. Only then did Mr. Collins learn that Wizards LLC had filed its suit and obtained judgment against R&M.

{¶16} On January 28, 2011, Mr. Collins filed both a motion to intervene in the municipal court case and a motion to vacate the judgment in favor of Wizards LLC. On

February 4, 2011, the municipal court issued an order allowing Mr. Collins, as Receiver for Wizards Inc., to intervene as a party-defendant. Mr. Collins subsequently filed an answer, asserting various defenses including an assertion that Wizards LLC was not a legal entity with capacity to sue. He further filed a cross-claim against R&M for monies owed pursuant to the parties' asset purchase agreement. Two days later, Mr. Collins moved to transfer the matter to the Summit County Court of Common Pleas because his prayer for relief in his cross-claim exceeded the jurisdictional limit of the municipal court. Wizards LLC opposed transfer.

{¶17} The municipal court scheduled a hearing for February 28, 2011, on the motion to vacate. Wizards LLC moved to continue the hearing. The trial court then ordered Wizards LLC to file a response to both the motion to intervene and the motion to vacate by March 14, 2011. Wizards LLC timely filed its brief in opposition.

{¶18} On April 29, 2011, without any indication of an oral hearing having been held, the trial court issued an order vacating its earlier order granting intervention; denying Mr. Collins' motion to intervene; denying Mr. Collins' motion to vacate; denying Mr. Collins' motion to transfer; and dismissing Mr. Collins' answer and counterclaim. This Court presumes the trial court was referring to Mr. Collins' cross-claim, as that was the only claim he had pending.

{¶19} Mr. Collins filed a timely appeal, in which he raises three assignments of error.

III.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING COLLINS' MOTION TO INTERVENE AND DISMISSING COLLINS' ANSWER AND CROSS CLAIM.

{¶20} Mr. Collins argues that the trial court erred by denying his motion to intervene and, consequently dismissing his answer and cross-claim. This Court agrees.

**{¶21}** Mr. Collins moved to intervene three-and-a-half months after default judgment was entered in favor of Wizards LLC against R&M, but a mere 18 days after the trial court issued the order garnishing R&M's bank account. The garnishment order prevented Wizards Inc. from cashing R&M's check issued for purposes of satisfying its obligations under the parties' asset purchase agreement. It was this situation which Wizards Inc. alleges gave rise to its knowledge of the default judgment issued in favor of Wizards LLC. Accordingly, Wizards Inc. filed a post-judgment motion to intervene.

**{¶22}** This Court reviews the trial court's ruling on a post-judgment motion to intervene for an abuse of discretion. *State Farm Mut. Ins. Co. v. Young*, 9th Dist. No. 22944, 2006-Ohio-3812, ¶ 17. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). In this case, however, Wizards Inc. argues that the trial court failed to consider the appropriate factors before ruling on its motion. Therefore, it challenges the correct application of the law to the facts. "Whether the trial court correctly applied the law to the facts presents a question of law." *Young v. Young*, 9th Dist. No. 09CA0067, 2010-Ohio-3658, ¶ 17, citing *Wertz v. Indiana Ins.*, 9th Dist. No. 21571, 2003-Ohio-5905, ¶ 4. Accordingly, we review the trial court decision in this regard de novo.

**{¶23}** Wizards Inc. moved to intervene as of right pursuant to Civ.R. 24(A)(2). This Court has recognized four conditions which a non-party must demonstrate in order to intervene as of right: "First, the appellant must claim an interest relating to the property or transaction which is the subject of the action. Second, the appellant must be so situated that the disposition

of the action may, as a practical matter, impair or impede his ability to protect his interest. Third, the appellant's interest is not adequately represented by the existing parties. Finally, the application must be timely made." *Norton v. Sanders*, 62 Ohio App.3d 39, 41-42 (9th Dist.1989). Although intervention after a final judgment has been entered is rare, it is permissible where the intervenor has acted quickly in light of all the circumstances and the trial court has considered certain factors. *Id.* at 42. This Court has long recognized the propriety of those considerations: "'In determining whether to permit a post-judgment intervention, the courts have considered the following: the purpose for which intervention was sought; the necessity for intervention as a means of preserving the applicant's rights; and the probability of prejudice to those parties already in the case.'" *State Farm* at ¶ 16, quoting *Norton*, 62 Ohio App.3d at 42, citing Annotation, Timeliness of Application for Intervention As of Right Under Rule 24(a) of Federal Rules of Civil Procedure, 57 A.L.R.Fed. 150, 205 (1982).

{¶24} In this case, the trial court denied Mr. Collins' motion for leave to intervene based solely on the erroneous belief that post-judgment intervention is never permissible. As discussed above, intervention at such a time, although rare, is permissible under certain circumstances. Accordingly, we remand the matter to the trial court for proper consideration of the factors relevant to a post-judgment motion to intervene. Moreover, because the issue of the propriety of Mr. Collins' intervention is yet unresolved, the trial court erred in dismissing his answer and cross-claim. Mr. Collins' first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING COLLINS' MOTION TO VACATE THE JUDGMENT.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED IN DENYING COLLINS' MOTION TO TRANSFER THE CASE TO THE SUMMIT COUNTY COURT OF COMMON PLEAS.

**{¶25}** In his second assignment of error, Mr. Collins argues that the trial court erred in denying his motion to vacate the default judgment entered in favor of Wizards LLC against R&M. In his third assignment of error, Mr. Collins argues that the trial court erred by denying his motion to transfer the case to the Summit County Court of Common Pleas because the relief sought in his cross-claim exceeded the jurisdictional limit of the municipal court. Based on our resolution of the first assignment of error, Mr. Collins' second and third assignments of error are not ripe for consideration and we decline to address them. *See State ex rel. Elyria Foundry Co. v. Indus. Comm. of Ohio*, 82 Ohio St.3d 88 (1998).

IV.

**{¶26}** Mr. Collins' first assignment of error is sustained. We decline to address his second and third assignments of error. The judgment of the Akron Municipal Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

─────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT


MOORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

JOHN C. COLLINS, and RACHEL HAGENBUSH, Attorneys at Law, for Appellant.

ALVIN I. GILMORE, Attorney at Law, for Appellee.