[Cite as *Rieger v. Marsh*, 2011-Ohio-6808.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

JOSEPH M. RIEGER          :

                          :          Appellate Case No.   24581

          Plaintiff-Appellant          :

                          :          Trial Court Case No. 08-CV-2861

v.                          :

                          :

TODD M. MARSH, et al.          :          (Civil Appeal from

                          :           Common Pleas Court)

          Defendant-Appellees          :

                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of December, 2011.

. . . . . . . . . . .

JOSEPH M. RIEGER, 443 McGuerin Street, Dayton, Ohio 45431
          Plaintiff-Appellant, *pro se*

ROBERT J. SURDYK, Atty. Reg. #0006205, Surdyk, Dowd & Turner, Co., L.P.A., 1 Prestige Place, Suite 700, Miamisburg, Ohio 45342
          Attorney for Defendant-Appellees

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant Joseph M. Rieger appeals from an order of the trial court entered August 20, 2010, which dismissed his claims against every defendant in this case except defendant-appellee Todd Marsh.  The trial court entered an order finding no just reason for delay, under Civ. R. 54(B), to permit the order of August 20, 2010 to be appealed

despite the pendency of a claim against Marsh.

{¶ 2}   Rieger has not set forth any assignments of error.   We have reviewed the order from which this appeal is taken, and find no reversible error therein.   Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I.   The Claims Set forth in Rieger's Complaint.

{¶ 3}   Based upon certain acts committed by Rieger on May 29, 2005, he was charged with violating a civil stalking protection order that had ordered him to stay away from his former girlfriend.   In August 2005, Rieger accepted a plea bargain and pled guilty to Disorderly Conduct.

{¶ 4}   In the lawsuit that is the subject of this appeal, the trial court characterized Rieger's complaint as follows:

{¶ 5}   "Rieger alleges in his complaint that his attorney, Todd Marsh informed him that the call to the police on May 29, 2005 was made at around 9:57 pm and that the police report indicated that the time of the offense was 10:03 p.m.   Rieger then alleges that more than one year after his plea, he obtained a copy of the police report, which indicated that the offense occurred around 10:40 pm.   Rieger alleges that the time of the offense is important in that it casts doubt on the credibility of the complaining witnesses' statement.   Rieger then concludes that his plea was not voluntarily and knowingly made, and that it 'probably' was based upon fraud and conspiracy between Long, the prosecutor, and Todd Marsh, Rieger's attorney.   Rieger also alleges that the Kettering Police Department has abused and harassed him by stopping him for speeding on one occasion, and by parking behind his car at church on one occasion.   Rieger then alleges that the CSPO was issued as the result of an incompetent

decision of the Common Pleas Court, which allegation is immaterial to this complaint and has been the subject of other extensive litigation."

{¶ 6} We have reviewed Rieger's pro se complaint. The above-quoted passage from the trial court's order is a fair characterization of Rieger's rambling complaint.

## II. The Course of Proceedings Below.

{¶ 7} Rieger brought this action against Marsh, his defense counsel in the criminal prosecution in Kettering Municipal Court in which Rieger pled guilty to Disorderly Conduct; the City of Kettering; Jim Long, the Kettering City Prosecutor; the Kettering City Prosecutor's Office; and the Kettering Police Department. Each defendant moved to dismiss under Civ. R. 12(B)(6), contending that the complaint failed to state a claim against that defendant upon which relief could be granted.

{¶ 8} In an entry filed August 20, 2010, the trial court granted the motions of the City of Kettering, Jim Long, the Kettering City Prosecutor's Office, and the Kettering Police Department, and dismissed the claims against those defendants. The trial court denied Marsh's motion to dismiss. The claim against Marsh appears to remain pending in the trial court. In an entry filed March 25, 2011, the trial court found no just reason for delay, allowing the orders of dismissal it had previously entered to become final orders subject to appellate review, under Civ. R. 54(B), despite the pendency of the claim against Marsh.

{¶ 9} Rieger appeals from the trial court's order of August 20, 2010, dismissing his claims against all defendants other than Marsh.

## III. No Assignments of Error.

{¶ 10} Rieger's brief sets forth no assignments of error, as required by App. R.

16(A)(3). Indeed, except for a table of contents; a section entitled "A statement of the case * * * ," but not actually constituting a statement of the case; and a conclusion that is longer than any of the other parts, each part of Rieger's brief contains the identical nine lettered paragraphs setting forth Rieger's various grievances against the parties, and asking for oral argument.

{¶ 11} Despite the fact that Rieger's brief does not set forth assignments of error, in the interests of justice we will examine the trial court's order of August 20, 2010, to see if there appears to be any reversible error therein.

### IV. Requirements for Dismissal Under Civ. R. 12(B)(6).

{¶ 12} "The test for determining whether to dismiss a complaint for failure to state a claim is that: 'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson* (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245.

### V. The Kettering Police Department and the Kettering Prosecutor's Office
### Are Not Sui Juris (Entities Capable of Being Sued).

{¶ 13} In this part of the order from which this appeal is taken, the trial court reasons as follows:

{¶ 14} "Defendants, City of Kettering Police Department and City of Kettering Prosecutor's Office, have moved to dismiss the complaints against these entities, claiming that

they are not sui juris, and that they cannot be sued separately from the City of Kettering.

{¶ 15} "In *In re Forfeiture of Property of Louis*, [187 Ohio App.3d 504,] 2010-Ohio-1792 [(2nd Dist.], the Second District Court of Appeals, addressing this very issue, determined that a city police department is not a political subdivision that is capable of suing or being sued.

{¶ 16} "In evaluating this issue, the court said 'A political subdivision of the state is a geographic or territorial division of the state rather than a functional division of the state. Almost invariably the statutory definitions of "political subdivision" involve a geographic area of the state which has been empowered to perform certain functions of local government within such geographic area. Accordingly, a "political subdivision of the state" is a geographic or territorial portion of the state to which there has been delegated certain local governmental functions to perform within such geographic area.' *Fair v. School Emp. Retirement System of Ohio* * * * , 44 Ohio App.2d 115, 119 [(10th Dist. 1975), quoted in *Louis*, supra, at ¶ 25].

{¶ 17} "Additionally, the court pointed out that ' * * * "Political subdivision" is defined in R.C. 2744.01(F) as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographical area smaller than that of the state." The statute then goes on to list a number of specific examples of political subdivisions, but a municipal police department is not one of them.' *Louis*, supra[, at ¶ 26.]

{¶ 18} "Applying the same reasoning, and the definition provided in R.C. 2744.01(F), the court determines that the City of Kettering Prosecutor's Office, likewise, while being a

department of a political subdivision – the city – is not itself a body corporate and politic responsible for governmental activities in a geographical area smaller than that of the State.

{¶ 19} "For the reasons set forth herein, the court finds the motion to be well taken and that the complaint should be dismissed as to the defendants, City of Kettering Police Department and City of Kettering Prosecutor's Office for the reason that they are not sui juris and are not capable of being sued in their own right."

{¶ 20} We find no flaw in the trial court's reasoning set forth in that part of its decision quoted above.

### VI.    The City of Kettering and Jim Long, the City Prosecutor, Are Immune.

{¶ 21} With respect to the immunity of the City of Kettering and of Jim Long, its prosecutor, the trial court reasoned as follows:

{¶ 22} "Next, the defendant, City of Kettering and Jim Long move the court to dismiss the complaint against them because they claim the immunity provisions of R.C. chapter 2744 grants immunity to a political subdivision and its employees in connection with a governmental function (with certain exceptions).

{¶ 23} "R.C. 2744.02(A)(1) provides that '[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.   This is a blanket grant of immunity except where liability is expressly imposed by the provisions of R.C. 2744.02(B).

{¶ 24} "The exceptions to immunity as provided in division (B) of R.C. 2744.02 are as

follows: '(1) * * * political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment or authority. * * *

{¶ 25} " '(2) * * * political subdivisions are liable for injury, death, or, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

{¶ 26} " '(3) * * * political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * * .

{¶ 27} " '(4) * * * political subdivisions are liable for injury, death, or loss to person or property caused by the negligence of their employees and that occurs within or on the grounds of and is due to physical defects within or on the grounds of, buildings that are used in the connection with the performance of a governmental function, including, but not limited to office buildings and courthouses * * * .

{¶ 28} " '(5) * * * a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. * * * .'

{¶ 29} "All of Rieger's allegations against these defendants fall within the scope of the governmental functions of the political subdivisions and its employee, Mr. Long. Examining Rieger's complaint, the acts that he alleges relate to (1) his prosecution on the criminal charge of violating a protection order; (2) an allegation that the Kettering Police stopped Rieger on

one occasion for speeding and crossing the center line; and (3) an allegation that a Kettering Police car was parked behind his vehicle one Sunday while he was leaving church.

{¶ 30} "In addition to the blanket immunity provided by R.C. 2744.02(A), it is provided in R.C. 2744.02(A)(1) that '[t]he political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi legislative function.'

{¶ 31} "Because there are no factual allegations that the city of Kettering committed any acts that could be construed to be exceptions to the grant of immunity provided by R.C. 2744.02(B), the City of Kettering is immune under chapter 2744 of the Revised Code, and the claims against the City of Kettering should be dismissed.

{¶ 32} "Arguably, with regards to Rieger's allegations against Prosecutor Long, those acts might fall within the exceptions to the immunity grant, provided in R.C. 2744.03(A)(6). Pursuant to that section, liability will be imposed if (a) his acts were manifestly outside the scope of his or her employment or official responsibilities or (b) his acts were with malicious purpose, in bad faith, or wanton or reckless. Even assuming these allegations removes [sic] Long's immunity, R.C. 2744.03(A)(7) restores his immunity. It is therein provided that '(7) The * * * employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, [or] an assistant of any such person * * * is entitled to any defense or immunity available at common law or established by the revised code.'

{¶ 33} "For these reasons, the court finds that the claims against Long should be dismissed as well." (Omissions sic.)

**{¶ 34}** We see no flaw in the trial court's reasoning concerning the immunity of the City of Kettering, and find nothing to add to its analysis. With respect to the trial court's analysis regarding the immunity of Jim Long, the Kettering City Prosecutor, we would add that:

**{¶ 35}** " * * * prosecutors are entitled to an absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman* (1976), 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128. * * * Moreover, it is well-settled common law in Ohio that prosecutors enjoy absolute immunity from suit for acts committed in their role as judicial officers. Prosecutors are considered 'quasi-judicial' officers, and as such they are entitled to absolute immunity when their activities are 'intimately associated with the judicial phase of the criminal process.' *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 449, 453 N.E.2d 693, quoting *Imbler*, 424 U.S. at 430; *see also, Carlton v. Davisson* (1995), 104 Ohio App.3d 636, 649, 662 N.E.2d 1112." *Hawk v. Am. Elec. Power Co.*, 3rd Dist. No. 1-04-65, 2004-Ohio-7042, at ¶ 8. *See, also, Barstow v. Waller*, 4th Dist. No. 04CA5, 2004-Ohio-5746, at ¶ 25.

**{¶ 36}** All of Long's acts alleged by Rieger in his complaint as forming the basis for Long's liability to Rieger are clearly "intimately associated with the judicial phase of the criminal process." Therefore, Long is entitled to immunity for those acts under the common law of immunity preserved for prosecutors by R.C. 2744.03(A)(7).

## VII. The Fraud Claims Were Properly Dismissed.

**{¶ 37}** With regard to Rieger's fraud claims, the trial court reasoned as follows:

**{¶ 38}** "Civ. R. 9(B) provides that 'all averments of fraud or mistake shall be stated

with particularity.'

{¶ 39} " 'In an action for fraud, the plaintiff must prove each of the following elements: (a) a representation, which (b) is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation, and (f) a resulting injury proximately caused by the reliance.' *Hasch v. Hasch*, [11th Dist.] Lake App. No. 2008-L-183 , 2009-Ohio-6377, at ¶ 42. [Citation and emphasis omitted in trial court's decision.] While a plaintiff is not required to prove his claim for fraud in the complaint, he is required to allege, with particularity, facts going to all of the elements of fraud.

{¶ 40} "In reviewing Rieger's complaint, the court notes that he states: 'Todd Marsh and Jim Long prosecutor *in all likelihood* conspired with Angelia Podeweltz and Jason Kosater as they both sided with evidence from those three that they knew was not probable and was fraudulent.' [Emphasis added in trial court's decision.] It is apparent that Rieger's allegations are merely speculative, and that they are not supported by specific facts that would support a finding of fraud. A mere misstatement of fact by an individual does not rise to the level of fraudulent conduct without evidence, inter alia, of intent to mislead. Furthermore, the only allegation of a misstatement of fact is the allegation that Marsh told Rieger the police report indicated that the offense occurred prior to ten pm on the date in question. There are no allegations of misstatement by Long or any other of the moving defendants.

{¶ 41} "For those reasons, the court finds that Rieger's claims of fraud should be dismissed as they relate to the defendant's [sic] Long and the City of Kettering Police Department."

{¶ 42} We find no flaw in the reasoning of the trial court supporting its decision that Rieger's allegations of fraud lacked sufficient specificity to survive a motion to dismiss under Civ. R. 12(B)(6).

## VIII.  Conclusion.

{¶ 43} We find no reversible error in the trial court's decision to dismiss Rieger's claims against the City of Kettering; Jim Long, the Kettering City Prosecutor; the Kettering Police Department; and the Kettering Prosecutor's Office.  Accordingly, the trial court's order dismissing those claims is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Joseph M. Rieger
Robert J. Surdyk
Hon. Dennis J. Adkins