[Cite as *Pruce v. Sleasman*, 2012-Ohio-2427.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JAMES PRUCE | | C.A. No. 11CA010088 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KELLY SLEASMAN, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellants | | CASE No. 10CV168456 |

DECISION AND JOURNAL ENTRY

Dated: June 4, 2012

---

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellants, the City of Sheffield Lake ("Sheffield Lake") and the Sheffield Lake Police Department, appeal from the final order of the Lorain County Court of Common Pleas, denying Sheffield Lake the benefit of sovereign immunity. This Court reverses.

I

{¶2} James Pruce brought suit against Sheffield Lake and the Sheffield Lake Police Department, alleging that they were vicariously liable for the gross negligence of one of the police department's employees, Captain Anthony Campo. Sheffield Lake and the police department sought a judgment on the pleadings on the basis that they were statutorily immune from Pruce's claims. Pruce responded in opposition, and the trial court issued its judgment on September 20, 2011. The court granted judgment on the pleadings in favor of the police department, finding that it was not an entity capable of being sued. The court also determined that Sheffield Lake would not be held liable for any punitive damages or attorney fees, as

political subdivisions are statutorily exempt from those. Nevertheless, the trial court denied Sheffield Lake immunity on the basis that Pruce's complaint alleged a due process violation; a constitutional claim exempt from statutory immunity.

{¶3} Sheffield Lake and the Sheffield Lake Police Department now appeal from the trial court's denial of immunity to Sheffield Lake and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED BY DENYING DEFENDANT/APPELLANT THE CITY OF SHEFFIELD LAKE THE BENEFIT OF IMMUNITY WHEN IT HELD THAT IT IS NOT ENTITLED TO IMMUNITY UNDER R.C. CHAPTER 2744.

{¶4} In their sole assignment of error, Sheffield Lake and the Sheffield Police Department argue that the trial court erred by denying Sheffield Lake's motion for judgment on the pleadings on the basis of sovereign immunity.

{¶5} Initially, we must determine whether the Sheffield Lake Police Department properly presents itself as an appellant in this matter. The trial court granted judgment on the pleadings in favor of the police department and only denied immunity as to Sheffield Lake. The police department seeks to challenge the judgment as it relates to Sheffield Lake. The police department, however, lacks the legal capacity to challenge the trial court's judgment on Sheffield Lake's behalf. *See Brady v. Bucyrus Police Dept.*, 194 Ohio App.3d 574, 2011-Ohio-2460, ¶ 19 (3d Dist.). *See also Rieger v. Marsh*, 2d Dist. No. 24581, 2011-Ohio-6808, ¶ 14-19; *Country Club Townhouses North Condominium Unit Owners Assn. v. Slates*, 9th Dist. No. 17299, 1996 WL 28003, *3 (Jan. 24, 1996). As such, only Sheffield Lake may appeal from the court's decision to deny it immunity.

{¶6} Pruce did not file a brief with this Court. Accordingly, "this Court may accept [Sheffield Lake's] statement of the facts and issues as presented in [its] brief as correct and reverse the judgment of the trial court if [its] brief reasonably appears to sustain such action." *Polen Implement, Inc. v. Toth*, 9th Dist. No. 07CA009280, 2008-Ohio-3211, ¶ 8; App.R. 18(C).

> A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. The trial court's inquiry is restricted to the material allegations in the pleadings. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. This [C]ourt reviews such motions under the de novo standard of review. We will not reverse a trial court's denial of a Civ.R. 12(C) motion unless when all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief.

(Internal citations omitted.) *Pinkerton v. Thompson*, 174 Ohio App.3d 229, 2007-Ohio-6546, ¶ 18.

{¶7} Political subdivisions generally enjoy absolute immunity from civil suits "for injury * * * or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1); *State ex rel. Nix v. Bath Twp.*, 9th Dist. No. 25633, 2011-Ohio-5636, ¶ 9. An exception to that general grant of immunity exists for "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States." R.C. 2744.09(E). *Accord Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 31 ("R.C. 2744.09(E) forbids the application of [R.C. Chapter 2744] to civil actions based on federal law."). Sovereign immunity will not bar a "claim of equal protection and due process violations under 42 U.S.C [] 1983." *Miller-Wagenknecht v. Munroe Falls*, 9th Dist. No. 20324, 2001 WL 1545626, *7 (Dec. 5, 2001).

{¶8} The trial court determined that Sheffield Lake was a political subdivision and that none of the exceptions to absolute immunity set forth in R.C. 2744.02(B) applied. The court denied Sheffield Lake's motion for judgment on the pleadings solely on the basis of R.C. 2744.09(E). Specifically, the court held that Pruce asserted a due process violation that "would seem to fall within the exception detailed in R.C. 2744.09(E)." Sheffield Lake argues that the court erred in so holding because Pruce never alleged a constitutional violation in his complaint.

{¶9} Pruce's complaint stemmed from his being charged with several criminal offenses as the result of two allegedly false police reports filed by a woman named Kelly Sleasman. Sleasman accused Pruce of assaulting her, and the Sheffield Lake Police Department investigated her complaints. Pruce asserted three claims against Sleasman: abuse of process/malicious prosecution, intentional infliction of emotional distress, and defamation. In his fourth count, Pruce charged a Sheffield Lake police officer, Captain Campo, with gross negligence. The portions of the complaint setting forth Pruce's gross negligence count provided as follows:

> 39. Captain Campo intentionally failed to perform his duties as a Sheffield Lake police officer and acted in reckless disregard of the consequences as affecting James Pruce's life when his personal relationship with Kelly Sleasman or personal biases prevented him from investigating Ms. Sleasman's contradicting police reports before initiating the arrest process for [Pruce].
>
> 40. Captain Campo owes a legal duty to both the alleged victim and the accused.
>
> 41. Captain Campo failed to investigate the crime scene, failed to challenge Sleasman's conflicting statements, and failed to interview available witnesses before issuing a warrant for [Pruce's] arrest. This was not a mere failure by Campo to exercise his duty of ordinary care; instead, this was a heedless and palpable violation of legal duty respecting the rights of [Pruce].
>
> 42. This failure by Campo was an actual and proximate cause of [Pruce's] incarceration.

43. As a direct and proximate result of [] Defendant's gross negligence and / or extreme recklessness and / or intentional acts, [Pruce] was incarcerated for nearly four (4) months.

The fifth count of Pruce's complaint alleged that Sheffield Lake was vicariously liable for the actions of Captain Campo. That count was limited to the following averments:

45. Captain Campo was, at all times relevant hereto, acting in his individual capacity and / or in the course and scope of his employment and / or agency with the Sheffield Lake Police Department and / or The City of Sheffield Lake.

46. The Sheffield Lake Police Department and / or The City of Sheffield Lake are vicariously liable for the acts of their employees and / or agents under the doctrine of vicarious liability.

The complaint did not reference any federal statute or constitutional provision. It also never employed the phrase "due process."

{¶10} For the immunity exception set forth in R.C. 2744.09(E) to apply, a complaint need not cite a specific law, but must allege the deprivation of a federal right. *Snell v. Seidler*, 7th Dist. No. 04 MO 15, 2005-Ohio-6785, ¶ 28. Only in Pruce's response to Sheffield Lake's motion for judgment on the pleadings did Pruce assert that he was alleging a due process violation. The due process violations he asserted were that Sheffield Lake failed to investigate a false allegation, assumed Pruce to be guilty, and arrested him without probable cause.

{¶11} "Congress enacted [42 U.S.C. 1983] to afford a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law." *Nadra v. Mbah*, 119 Ohio St.3d 305, 2008-Ohio-3918, ¶ 9. Although government officials may be sued in their individual capacities under 42 U.S.C. 1983, "a local government may be held liable under § 1983 only for adopting a 'policy or custom' that violates federally protected rights." *Mitchell v. McNeil*, 487 F.3d 374, 376 (6th Cir.2007), citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). Pruce's complaint does not assert a cause of action under 42 U.S.C. 1983 because it does not reference any policy or custom that Sheffield Lake adopted. The complaint only

focuses on the specific behavior of Captain Campo and the vicarious liability of his employer. It does not allege that Captain Campo acted pursuant to a policy or custom of the police department. Therefore, the complaint did not allege a due process violation stemming from 42 U.S.C. 1983 against Sheffield Lake. *Leasor v. Kapszukiewicz*, 6th Dist. No. L-08-1004, 2008-Ohio-6176, ¶ 12; *Campbell v. Youngstown*, 7th Dist. No. 06 MA 184, 2007-Ohio-7219, ¶ 19. Pruce also never argued that his complaint stemmed from Sheffield Lake's having violated any other federal statute.

{¶12} The material allegations in Pruce's complaint are that a Sheffield Lake police officer failed to adequately investigate certain accusations and subjected Pruce to the criminal process in the absence of probable cause. Those allegations do not sound in any particular federal right, but arise from state law causes of action such as false arrest, malicious prosecution, and infliction of emotional distress. This Court previously has considered similar allegations and has applied the general test for sovereign immunity set forth in R.C. 2744.02. *See, e.g., Wolford v. Sanchez*, 9th Dist. No. 05CA008674, 2005-Ohio-6992; *Weible v. Akron*, 9th Dist. No. 14878, 1991 WL 77187 (May 8, 1991). *See also Stemler v. Florence*, 126 F.3d 856, 871 (6th Cir.1997) (categorizing false arrest and malicious prosecution as state law theories). The Ohio Supreme Court also has applied the general test for sovereign immunity when analyzing a state agency's failure to investigate in accordance with its statutory duty. *Marshall v. Montgomery Cty. Children Serv. Bd.*, 92 Ohio St.3d 348 (2001). We agree with Sheffield Lake's assertion that the general test for sovereign immunity is the test that must control.

{¶13} Pruce's response to Sheffield Lake's motion for judgment on the pleadings referenced the Due Process Clause. Yet, "[v]ague assertions of constitutional rights violations are not enough to circumvent the purpose of the R.C. 2744.02 tort immunity provisions." *Poinar*

*v. Richfield Twp.*, 9th Dist. Nos. 20383 & 20384, 2001 WL 951710, \*4 (Aug. 22, 2001).  Pruce's complaint did not allege that Sheffield Lake violated any specific federal right.  Rather, it alleged several potential state law tort theories.  Because Pruce did not specifically allege a violation of any federal right, the exception to immunity set forth in R.C. 2744.09(E) does not apply.

**{¶14}**  Pruce's complaint sought to hold Sheffield Lake vicariously liable for the actions of one of its employees.  Respondeat superior, however, "is not set forth as an exception to [R.C. 2744.02's] general immunity" provisions.  *Hazley v. Akron*, 9th Dist. No. 18756, 1998 WL 417391, \*2 (July 22, 1998).   The trial court determined that Sheffield Lake was a political subdivision and that none of the general exceptions to immunity contained in R.C. 2744.02(B) apply here.  As neither the exceptions contained in R.C. 2744.02(B), nor the exception contained in R.C. 2744.09(E) applies here, the trial court erred by denying Sheffield Lake's motion for judgment on the pleadings.  Sheffield Lake is entitled to immunity.  Consequently, its sole assignment of error is sustained.

III

**{¶15}**  Sheffield Lake's sole assignment of error is sustained.  The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for the entry of judgment in accordance with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I concur that the judgment of the trial court should be reversed. It is not clear that the trial court had jurisdiction over the City in this action. The City was not listed as a named defendant in the complaint, nor was it served with the complaint. Captain Campo, Chief Shepherd, and Mayor Piskura were named defendants in the lawsuit. It is possible to sue persons in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (Internal quotations and citations omitted.) (Emphasis deleted.) ("Official-capacity suits * * * generally represent only another way of pleading an action against an entity of which an officer is an agent.

As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."). However, it is not clear from the complaint that these individuals were being sued in their official capacities. As such, I cannot determine whether the trial court had jurisdiction over the City. I would conclude that it was inappropriate for the trial court to rule on the motion for judgment on the pleadings and would remand the matter for further proceedings, which could include allowing Mr. Pruce to amend his complaint.

APPEARANCES:

JOHN T. MCLANDRICH, JAMES A. CLIMER, FRANK H. SCIALDONE and JOHN D. PINZONE, Attorneys at Law, for Appellants.

ANTHONY BAKER, Attorney at Law, for Appellee.